FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 APR 21 AM 11: 48



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 70107-0-I |
| Respondent, | |
| v. | DIVISION ONE |
| DAVID SIONA SOLOMONA, | UNPUBLISHED OPINION |
| Appellant. | FILED: April 21, 2014 |

LEACH, J. — David Solomona pleaded guilty to three counts of domestic violence felony violation of a court order and one count of domestic violence witness tampering. At his sentencing hearing, Solomona moved pro se to withdraw his guilty plea and dismiss his case, alleging that he received ineffective assistance when his counsel failed to interview the State's witnesses. The trial court denied both motions. In this appeal, Solomona contends that the court violated his constitutional right to counsel by refusing to appoint new counsel to investigate his claim of ineffective assistance. He also raises several new issues in a statement of additional grounds. Because no constitutional violation occurred, the trial court did not abuse its discretion in denying Solomona's motions, and the additional issues he raises have no merit, we affirm.

## Background

David Solomona was married to Carey Solomona, and they had two children together. Solomona was twice convicted of violating a court order

prohibiting him from having any contact with Carey. In May 2011, the State charged David Solomona with eight counts of domestic violence felony violation of a court order and one count of tampering with a witness. A jury found Solomona guilty of all nine counts. Solomona appealed on a single issue that the State conceded: that the trial court improperly denied Solomona's pro se request to reopen and testify after both parties had rested. This court reversed and remanded for a new trial. In February 2013, Solomona's new trial began. In a subsequent plea agreement, Solomona pleaded guilty to three counts of domestic violence felony violation of a court order and one count of domestic violence witness tampering.

At sentencing on February 15, 2013, Solomona filed two motions pro se. Alleging ineffective assistance because counsel failed to interview the State's witnesses, he moved to withdraw his guilty plea and to dismiss his case. The trial court denied Solomona's motions. Solomona appeals, also raising several new issues in a statement of additional grounds.

## Analysis

Solomona contends that by refusing to appoint new counsel to investigate his ineffective assistance claim, the trial court violated his constitutional right to counsel. He claims his attorney "refused to assist him in presenting the motion to withdraw the guilty plea" and helped the State by asserting his own effectiveness in the face of Mr. Solomona's contention otherwise. This left Mr. Solomona pro se, without the assistance of counsel.

Our federal and state constitutions each guarantee a defendant the right to counsel at all critical stages of a criminal prosecution.[1] A sentencing hearing is a critical stage.[2] We review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion.[3] A court abuses its discretion if it bases its decision on untenable or manifestly unreasonable grounds.[4] A trial court must determine that a defendant made a plea of guilty "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea."[5] The court must allow a defendant to withdraw a guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice."[6] A manifest injustice may arise where a defendant received ineffective assistance of counsel.[7] To establish a claim of ineffective assistance, Solomona must show (1) that his counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him: that there is a reasonable possibility that but for counsel's deficient performance, the outcome of his trial would have been different.[8] "There is a

---

[1] U.S. CONST. amends. VI & XIV; WASH. CONST. art. I, § 22; CrR 3.1(b)(2); Gideon v. Wainright, 372 U.S. 335, 344-45, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); State v. Templeton, 148 Wn.2d 193, 208-09, 59 P.3d 632 (2002); State ex. rel. Juckett v. Evergreen Dist. Court, 100 Wn.2d 824, 828, 675 P.2d 599 (1984); State v. Harell, 80 Wn. App. 802, 804, 911 P.2d 1034 (1996).
[2] State v. Everybodytalksabout, 161 Wn.2d 702, 709, 166 P.3d 693 (2007).
[3] State v. Jamison, 105 Wn. App. 572, 589-90, 20 P.3d 1010 (2001).
[4] Jamison, 105 Wn. App. at 590.
[5] CrR 4.2(d).
[6] CrR 4.2(f).
[7] State v. Wakefield, 130 Wn.2d 464, 472, 925 P.2d 183 (1996).
[8] State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004) (citing State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)).

strong presumption that defense counsel's conduct is not deficient."[9] Failure on either prong of the test defeats an ineffective assistance of counsel claim.[10]

In his pro se motions, Solomona alleged that his counsel was ineffective for not interviewing the State's witnesses. At the sentencing hearing, defense counsel presented the motions and told the court,

> It sounds like the basis and the basis that's included in the motions is my not interviewing the State's witnesses in this case. Um, you know, I can certainly let the Court know, and the Court's well aware that these are based largely on phone calls from the jail. Uh, the two civilian witnesses would have been Mr. Solomona's ex-wife's parents, who were coming from Montana. Uh, there was a prior trial. There were trial transcripts, that kind of thing. And so I didn't feel as though it was necessary to interview those witnesses.

Defense acknowledged the court's authority to appoint another attorney to investigate Solomona's claim of ineffective assistance but opined that it would be more efficient to "allow[ ] Mr. Solomona to file and perhaps let the Court know his views on the motions himself." The State requested that sentencing proceed without delay. The court then addressed Solomona:

> I accepted your plea and find that everything was done, uh, in pure accordance with court rules. And I do not see that there is any indicia of a manifest injustice, which is the only grounds by which we would accept your withdrawal of a guilty plea. So that motion has been denied and I'm ready to move forward with sentencing.

Solomona analogizes his case to State v. Harell.[11] There, the defendant had to proceed pro se at his plea withdrawal hearing after his counsel declined to

---

[9] Reichenbach, 153 Wn.2d at 130 (citing State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

[10] Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[11] 80 Wn. App. 802, 911 P.2d 1034 (1996).

assist him. This court held that Harell was denied his right to counsel at a critical stage and remanded for a rehearing with new counsel.[12] But Harell is distinguishable. In that case, the trial court granted a hearing on the motion to withdraw, where defense counsel affirmatively declined to assist Harell.[13] Defense counsel then testified as a State's witness at the hearing, leaving Harell unrepresented.[14] Here, Solomona's counsel did not decline to assist him. He presented Solomona's motions, noting they were pro se. Though he expressed his opinion that interviewing the State's witnesses would not have advanced Solomona's defense, counsel noted the court's authority to appoint new counsel to investigate Solomona's claims. Counsel then asked the court to waive nonmandatory fines and fees and clarified the terms of the no-contact order so that Solomona could maintain visitation with his children. This was not "abandonment" or "an antagonistic and adversarial position to his client."

Defense counsel's decision not to interview the State's witnesses was reasonable. The charges were based on recorded phone calls from the jail, and the defense had transcripts of the witnesses' testimony from Solomona's first trial on the same charges. Nor does Solomona establish prejudice, either by showing that but for his attorney's ineffectiveness, he would have demanded a trial, or by showing that interviews with the State's witnesses would have resulted in a different outcome.

---

[12] Harell, 80 Wn. App. at 805.
[13] Harell, 80 Wn. App. at 803.
[14] Harell, 80 Wn. App. at 805.

"[A] trial court is not required to waste valuable court time on frivolous or unjustified CrR 4.2 motions."[15] Solomona does not show a manifest injustice requiring the withdrawal of his guilty plea under CrR 4.2(f). Because Solomona's allegations do not support an assignment of new counsel to investigate his ineffective assistance claim, the trial court did not abuse its discretion by denying his motions to withdraw his guilty plea and dismiss his case.

In a statement of additional grounds, Solomona raises four new issues. First, he alleges that the record does not include sufficient evidence to prove the two prior convictions that raised his current charges to felonies and increased his offender score. Second, he contends that the prosecutor "[a]bused his power when attempting to induce the Petitioner to waive his [a]ppeal rights on an unrelated case." Third, he accuses Detective Cynthia Sampson of "gross police misconduct" for not preventing Solomona from violating the no-contact order with repeated phone calls to Carey from jail but instead "letting the violations stack up for [s]entencing entrapment and manipulation purposes." Finally, Solomona alleges that his counsel was ineffective for not investigating whether Carey "felt induced to not testify" in his harassment trial, maintaining that this would have affected his decision whether to go to trial or accept a plea offer.

For sentencing purposes, the State must establish the defendant's criminal history by a preponderance of the evidence.[16] The best evidence of a

---

[15] State v. Davis, 125 Wn. App. 59, 68, 104 P.3d 11 (2004).
[16] State v. Mendoza, 165 Wn.2d 913, 928-29, 205 P.3d 113 (2009).

prior conviction will "generally" be a certified copy of the judgment and sentence.[17] And a prosecutor's unsupported criminal history summary, without more, will not establish the existence and validity of prior convictions.[18] But certified copies of court dockets, especially when presented together with other government documents, such as a driver's license, are, "at the very least, minimally reliable" to prove a prior conviction.[19] Here, the prosecutor presented a copy of the court dockets, which contained the case number, defendant's name and identifying information, charges, date, statutory citation, and disposition. The prosecutor also offered a certified copy of Solomona's driver's license. This evidence had "some 'minimum indicia of reliability'" sufficient to meet the State's burden.[20] The trial court did not err in finding this evidence sufficient to establish the existence and validity of Solomona's prior convictions for sentencing purposes.

Solomona next alleges prosecutorial misconduct: "vindictive inducement tactics during negotiations." Solomona refers to the prosecutor's offer to charge Solomona with only two counts in this case if Solomona withdrew his appeal of a separate robbery conviction.[21] Solomona contends that by attempting to induce him to drop his constitutional right of appeal on an unrelated conviction, the

---

[17] Mendoza, 165 Wn.2d at 930.
[18] State v. Hunley, 175 Wn.2d 901, 905, 287 P.3d 584 (2012).
[19] State v. Chandler, 158 Wn. App. 1, 7, 240 P.3d 159 (2010).
[20] In re Pers. Restraint of Adolph, 170 Wn.2d 556, 569, 243 P.3d 540 (2010) (quoting State v. Ford, 137 Wn.2d 472, 480-81, 973 P.2d 452 (1999)).
[21] The second option, which Solomona accepted, was to plead guilty to four counts and "take his chances" on the robbery appeal.

prosecutor "abused his authority" and violated the Rules of Professional Conduct. We disagree. All plea bargaining involves a defendant's waiver of certain constitutional rights, and the right of appeal can be one of the rights waived.[22] Solomona does not establish any misconduct by the prosecutor.

Solomona next argues that Detective Cynthia Sampson committed "gross police misconduct" and unlawful "[s]entencing entrapment" by allowing him to make numerous calls to Carey from jail, knowing that each call was a violation of the no-contact order.[23] This argument lacks merit. "The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime," even in cases where the officials provided the opportunity through a ruse such as an undercover operation.[24] Here there was no ruse, and Solomona was not "lured or induced" to commit crimes he otherwise had no intention to commit.[25] His claim fails.

Finally, Solomona contends that defense counsel was ineffective for not interviewing Carey to ask her "if she felt any inducement" to decline to testify in Solomona's harassment trial. This claim also lacks merit. Solomona does not show deficiency or prejudice from counsel's decision not to interview Carey.

---

[22] State v. Lee, 132 Wn.2d 498, 506, 939 P.2d 1223 (1997); State v. Perkins, 108 Wn.2d 212, 217, 737 P.2d 250 (1987).

[23] Solomona made a total of 143 calls to Carey in violation of the court order.

[24] State v. Youde, 174 Wn. App. 873, 886, 301 P.3d 479 (2013).

[25] Youde, 174 Wn. App. at 885.

## Conclusion

Because no violation of Solomona's constitutional right to counsel occurred, the trial court did not abuse its discretion by denying Solomona's motions to withdraw his guilty plea, and the challenges Solomona raises in his statement of additional grounds lack merit, we affirm.

Leach, J.

WE CONCUR: