2017 JUN 12 AM 9:00

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 74708-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOHN LLOYD KIRK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 12, 2017 |
| | ) | |

MANN, J. — John Kirk appeals his conviction for attempted second degree rape of a child arguing that he was denied the right to proceed pro se. Although Kirk requested to proceed pro se in a previous trial for the same crime, we reversed that conviction and remanded for a new trial. On remand, Kirk did not request to proceed pro se and agreed to be represented by appointed counsel. We affirm the judgment and sentence.

## FACTS

In January 2011, Kirk solicited sex through a Craigslist personals ad entitled, "DADDY LOOKING FOR HIS LITTLE GIRL." An undercover detective responded to the ad and told Kirk that he had a 13-year-old daughter who was interested in having sex with older men. After exchanging numerous e-mails, the detective and Kirk met face to face. After the meeting, Kirk confirmed that he was interested in meeting the 13-year-

old girl for sex. Kirk was arrested when he showed up at the predetermined location with several items including: condoms, lubricant, a vibrator, and a camera.

In January 2011, the State charged Kirk with the attempted rape of a child in the second degree. In August 2011, Kirk pleaded guilty to an amended charge of attempting to promote commercial sex abuse of a minor. On appeal, the State conceded that Kirk's offender score had been miscalculated. We accepted the State's concession, granted Kirk's request to withdraw his guilty plea, and remanded for a new trial. In re Pers. Restraint of Kirk, No. 69168-6-I, slip op. at 1-2 (Wash. Ct. App. Mar. 18, 2013) (unpublished) (Kirk I).

In March 2014, Kirk proceeded to trial pro se and was found guilty. On appeal, the State conceded that Kirk had not knowingly waived his right to counsel because the court misinformed him about the offense's maximum penalty. We accepted the State's concession, reversed Kirk's conviction, and remanded for further proceedings. State v. Kirk, No. 71865-7-I, slip op. at 1 (Wash. Ct. App. June 15, 2015) (unpublished) (Kirk II).

In January 2016, Kirk—while represented by counsel—pleaded guilty to attempted rape of a child in the second degree (Kirk III). Kirk did not request to proceed pro se. Kirk appeals the judgement and sentence.

## ANALYSIS

Kirk argues on appeal that he was denied his right to proceed pro se. The State counters that Kirk waived the right to proceed pro se by not asking the trial court to proceed pro se. We agree with the State.

I

Under the Washington Constitution and the Sixth Amendment to the United States Constitution, criminal defendants have the right to proceed pro se. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22 ("the accused shall have the right to appear and defend in person"); Faretta v. Cal., 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). "The unjustified denial of this [pro se] right requires reversal." State v. Madsen, 168 Wn.2d 496, 503, 229 P.3d 714 (2010) (quoting State v. Stenson, 132 Wn.2d 668, 737, 940 P.2d 1239 (1997)). "A waiver of counsel must be knowing, voluntary, and intelligent." City of Bellevue v. Acrey, 103 Wn.2d 203, 208-09, 691 P.2d 957 (1984). "If counsel is properly waived, a criminal defendant has a right to self-representation." Acrey, 103 Wn.2d at 209 (citing U.S. CONST. amend. VI; WASH. CONST. art. I, § 22).

However, "[t]he right to proceed pro se is neither absolute nor self-executing." Madsen, 168 Wn.2d at 504. The request must be unequivocal and timely. In order "[t]o protect defendants from making capricious waivers of counsel and to protect trial courts from manipulative vacillations by defendants regarding representation, the defendant's request to proceed pro se must be unequivocal." Stenson, 132 Wn.2d at 740. Courts are required to "indulge in every reasonable presumption against a defendant's waiver of his or her right to counsel." Madsen, 168 Wn.2d at 504 (internal quotations omitted).

II

After remand, Kirk's case returned to the trial court for scheduling. At the initial scheduling hearing, public defender Craig McDonald appeared as Kirk's attorney. McDonald stated that he would set up a hearing to determine if Kirk wanted to proceed with representation or pro se. The trial court invited Kirk to set up a hearing if he

-3-

wanted: "All right, Mr. Kirk. So your trial date is going to be the 14th of October. . . . And of course, you can set a hearing to address the Court with regard to a request to proceed pro se any time you like." At no time did Kirk request such a hearing.

At the pretrial omnibus hearing, McDonald told the trial court that he "may be asking for [Kirk] to conduct some of the examination." The trial court immediately inquired into the scope of McDonald's representation. McDonald replied that he would handle every aspect of the case, but that Kirk wanted to ask or dictate questions to be asked of the State's main witness. At that point, Kirk clarified that he only wanted to question the witness:

> [Kirk]: Your Honor, if I understand your last question, do I intend to or would I intend to conduct any other part of the trial.
>
> The Court: Correct.
>
> [Kirk]: I am very confident in [McDonald] and the only thing that I am requesting is that, during either the cross-examination or the Defense's direct examination, I be allowed to question [the arresting detective]. And as [McDonald] suggested, if this is the inappropriate time to make that decision, we can bring it up later.

Recognizing that Kirk was asking for "hybrid" representation, the trial court asked the parties to research the issue further and took the issue under advisement.

The next day, the trial court explained that it understood that although McDonald had been appointed as Kirk's standby counsel, Kirk wanted McDonald to represent him:

> The Court: So [McDonald] has been appointed as standby counsel, which generally means that an individual is representing themselves, okay, and that counsel is appointed simply to be there for advice, not to actively represent an individual throughout the course of a trial. In this case, it's a little bit different because [McDonald] has been actively representing you throughout this trial and, from my conversation with both of you yesterday, you indicated that you were comfortable with that because you were comfortable with [McDonald's] representation.

-4-

And that was okay with you and that's how you wanted to proceed. I'm fine with that, if that's, you know—I think that's fine. The indication I got yesterday, though, was that you did want to participate in the trial in essentially what would be a co-counsel role by asking questions of [the arresting detective] when [the detective] was on the stand.

[Kirk]: Yes, sir.

The Court: And that's my understanding of the extent that you wish to be involved in the trial. Is that correct?

[Kirk]: That would be correct, sir.

The court denied Kirk's motion for hybrid representation.[1]

The prosecutor then voiced confusion over McDonald's representation of Kirk, noting that he could not find a notice of appearance by McDonald. The trial court again asked McDonald about the scope of his representation. McDonald confirmed that he represented Kirk: "And I have been acting as counsel. And I believe it was my client's or [Kirk's] decision for me to act as counsel." The trial court then asked Kirk directly what he wanted, and Kirk confirmed for the second time that he wanted McDonald to represent him:

The Court: Okay. And [Kirk], I can ask you, is that your desire? And has that been your desire, for [McDonald] to act as your counsel?

[Kirk]: Excuse me, Your Honor. I have no objection to him acting as counsel. My only concern is the issue we raised earlier—

The Court: Uh huh.

[Kirk]: —that there will be certain questions that I want to put before [McDonald] to be sure that they are asked.

---

[1] There is no constitutional right in a criminal case for hybrid representation, i.e., to participate as cocounsel at trial. State v. Hightower, 36 Wn. App. 536, 540, 676 P.2d 1016 (1984).

The court then reconfirmed that Kirk was not asking to proceed pro se:

> The Court: Our concern here is, we want to make sure that your desire is to have counsel represent you and not that you act on your behalf pro se. And it looks like [McDonald] has been appointed to represent you as full counsel. And we want to make sure that, that was your desire.
>
> [Kirk]: It is.[2]

Kirk confirmed that he had "no objection to [McDonald] being [his] lawyer."

Despite the trial court's express invitation, at no time did Kirk request to proceed pro se. Rather, he affirmed and reaffirmed his desire to proceed to trial with representation. "A defendant's request to proceed pro se must be both timely made and stated unequivocally." Stenson, 132 Wn.2d at 737. Kirk was not denied his right to waive his right to counsel and proceed pro se.

### III

Kirk argues also that his due process rights were violated because the trial court failed to "strictly comply with the mandate" of this court by not conducting a new formal colloquy on his right to appear pro se. The order of this court in Kirk II was simply to "reverse the conviction, and remand for further proceedings." While the basis of the reversal was Kirk's improper waiver of his right to counsel, we did not mandate that the trial court conduct a new pro se colloquy; we simply reversed Kirk's conviction and remanded for a new trial. This argument lacks merit. If Kirk wanted to waive counsel and proceed pro se at the new trial, it was his burden to request a colloquy.

---

[2] (Emphasis added.)

IV

Kirk filed a pro se statement of additional grounds (SAG) in which he raises several issues. First, Kirk alleges that the detective who arrested him violated multiple criminal laws related to promoting prostitution and entrapment. This argument lacks merit. "Where the police merely give a defendant an opportunity to commit a crime by employing a ruse, entrapment is not established." State v. Youde, 174 Wn. App. 873, 886, 301 P.3d 479 (2013); see RCW 9A.16.070. Here, the detective gave Kirk the opportunity to commit a crime with a fictitious 13-year-old girl. The ruse did not constitute entrapment.

Second, Kirk alleges that the detective who arrested him did not follow the United States Department of Justice's Internet Crimes Against Children Program's "Operational and Investigative Standards" (Standards) by not obtaining his supervisor's consent. While a copy of the Standards is in the appellate record, Kirk bases his claims on facts and evidence that are not in the record. Issues that involve facts or evidence not in the record are properly raised through a properly supported personal restraint petition, not a SAG. State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c).

Finally, Kirk challenges the trial court's jurisdiction. "[J]urisdiction over a crime rests exclusively in the courts of the state in which the crime is committed." State v. Lane, 112 Wn.2d 464, 470, 771 P.2d 1150 (1989). Washington has jurisdiction over anyone who "commits in the state any crime, in whole or in part." RCW 9A.04.030(1). Kirk pleaded guilty to attempted second degree rape of a child and admitted that this crime occurred in King County, Washington. Jurisdiction was proper.

We affirm Kirk's judgment and sentence.

_____
Mann, J.

WE CONCUR:

_____
Leach, J.

_____
Dwyer, J.