[No. 34131-6-I.    Division One.    March 11, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL D. HARELL, *Appellant*.

*Douglas J. Ende* and *Joshua Weinstein* of *Washington Appellate Defender Association; David B. Koch* and *Nielsen & Acosta*, for appellant.

*William H. Hawkins, Prosecuting Attorney*, for respondent.

BAKER, C.J. — Paul Harell pleaded guilty to three counts of rape. He later sought to withdraw his pleas, alleging ineffective assistance of counsel during the plea stage. The court granted a hearing on the motion to withdraw. At the hearing defense counsel declined to assist Harell, the attorney-client privilege was waived by order of the court, and defense counsel testified as a witness for the State. Finding that defense counsel was not ineffective in assisting Harell during the plea stage, the trial court denied Harell's motion to withdraw his guilty pleas. The case proceeded to judgment, and Harell was sentenced

to concurrent terms of imprisonment within the standard range.

■ Because the hearing on Harell's motion to withdraw his guilty pleas was a critical stage of the prosecution, and was held without the assistance of counsel or a valid waiver of the right to counsel, Harell's right to counsel was violated. We vacate the judgment and sentence and remand for a rehearing on Harell's motion to withdraw his pleas. Because counsel appointed at the trial court level has a direct conflict of interest, we also order the appointment of new counsel.

■ A defendant has a constitutional right to appointed counsel at all critical stages of a criminal prosecution.[1] A stage is critical if it presents a possibility of prejudice to the defendant.[2] Ample authority from other jurisdictions supports appellant's contention that a plea withdrawal hearing is a critical stage,[3] and the State concedes this point. We find this authority persuasive, and hold that a plea withdrawal hearing is a critical stage giving rise to the right to assistance of counsel.

The State asserted during oral argument that a hearing was unnecessary because Harell did not make a preliminary showing warranting a hearing on his motion to withdraw his pleas. But the State did not assign error to the trial court's decision to have a hearing. Nor did the State allege that the trial court abused its discretion by holding the hearing. Implicit in the trial court's decision to hold a hearing is a finding that sufficient facts were alleged to warrant a hearing. Therefore, we need not determine the degree of specificity required to be shown

[1]*See, e.g., State ex rel. Juckett v. Evergreen Dist. Court*, 100 Wn.2d 824, 828, 675 P.2d 599 (1984).

[2]*See, e.g., Garrison v. Rhay*, 75 Wn.2d 98, 102, 449 P.2d 92 (1968).

[3]*E.g., United States v. Crowley*, 529 F.2d 1066, 1069 (3d Cir.), *cert. denied*, 425 U.S. 995 (1976); *Browning v. Commonwealth*, 19 Va. App. 295, 452 S.E.2d 360, 362-63 (1994); *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993); *Martin v. State*, 588 N.E.2d 1291, 1293 (Ind. Ct. App. 1992); *Beals v. State*, 106 Nev. 729, 802 P.2d 2, 4 (1990); *see also United States v. White*, 659 F.2d 231, 233 (D.C. Cir. 1981).

by a defendant who seeks to withdraw his plea based upon alleged ineffectiveness of counsel, before the right to counsel attaches and a hearing is required.

■ As the State concedes, Harell acted pro se at the hearing on his motion to withdraw his guilty pleas. Defense counsel declined to assist Harell with his motion, and Harell was clearly without counsel while appointed counsel testified as a witness against him.[4] An outright denial of the right to counsel is presumed prejudicial and warrants reversal without a harmless error analysis.[5]

■ ■ The State argues that Harell waived his right to counsel by electing to proceed pro se. "The waiver of the right to counsel must be knowingly, voluntarily and intelligently made, and the demand to defend pro se must be unequivocal."[6] The record does not reflect a knowing and unequivocal waiver of the right to counsel.

Harell was denied his right to counsel at the hearing, and is entitled to a new hearing. Because his appointed counsel has a direct conflict of interest, evidenced by his direct testimony against Harell's interest at the hearing, Harell is also entitled to appointment of new counsel. The judgment and sentence are vacated, and the cause remanded for rehearing on Harell's motion to withdraw his guilty pleas after new counsel is appointed.

GROSSE and BECKER, JJ., concur.

---

[4]*See, e.g., Government of V.I. v. Zepp*, 748 F.2d 125, 138 (3d Cir. 1984); *Browning v. Commonwealth*, 452 S.E.2d at 362-63.

[5]*E.g., Seattle v. Ratliff*, 100 Wn.2d 212, 219, 667 P.2d 630 (1983); *State v. Robinson*, 79 Wn. App. 386, 393, 902 P.2d 652 (1995). We note that courts have imposed a harmless error analysis to the denial of counsel at the plea withdrawal hearing in jurisdictions where a hearing is held as a matter of right. *See, e.g., Crowley*, 529 F.2d at 1069; *Randall*, 861 P.2d at 316.

[6](Citation omitted.) *State v. Sinclair*, 46 Wn. App. 433, 437, 730 P.2d 742 (1986), *review denied*, 108 Wn.2d 1006 (1987).