2014 OCT 27 AM 9: 40


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69453-7-I |
| | ) | consolidated with |
| Respondent, | ) | No. 69854-1-I |
| | ) | |
| v. | ) | |
| | ) | |
| VINAY KESHAVAN BHARADWAJ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 27, 2014 |
| | ) | |

VERELLEN, A.C.J. — To establish ineffective assistance of counsel during plea negotiations, a defendant must demonstrate that the State has made an offer of the material terms required for a plea agreement. "If no plea offer is made . . . the [ineffective assistance] issue . . . simply does not arise."[1]

Vinay Bharadwaj appeals from his convictions for three counts of child molestation in the second degree and one count of communication with a minor for immoral purposes. He argues that his attorney was ineffective during plea negotiations. Because the State did not make a sufficiently well-defined plea offer, Bharadwaj does not demonstrate that he suffered prejudice from his attorney's alleged deficient performance.

Bharadwaj also argues that the trial court erred in denying his request for substitute counsel to represent him on his motion for a new trial when his attorney

---

[1] Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398 (2012).

had a conflict of interest. Because the risk of a conflict of interest arising from Bharadwaj's intention to assert an ineffective assistance of counsel claim was too ambiguous to warrant substitute counsel for purposes of the new trial motion, the trial court did not err in declining to allow substitute counsel.

Accordingly, we affirm.

## FACTS

Bharadwaj, a native of India, has been a lawful permanent resident of the United States since 2008. In 2012, he was charged with three counts of child molestation in the second degree and one count of communication with a minor for immoral purposes (CMIP). Bharadwaj sought a plea agreement to avoid deportation.[2] Defense counsel and the deputy prosecutor assigned to the case attempted to negotiate a plea bargain.

The parties initially discussed a preliminary proposal for Bharadwaj to plead guilty to one count of CMIP, but the defense rejected that initial overture. The prosecutor later suggested that if Bharadwaj pleaded guilty to assault in the third degree with sexual motivation, he might avoid deportation.[3] Then, in July 2012, the

---

[2] The Immigration and Nationality Act allows the government to deport various classes of noncitizens, such as those who are convicted of certain crimes while in the United States. See 8 U.S.C. § 1227(a)(2). When a noncitizen has been convicted of one of a narrower set of crimes classified as "aggravated felonies," 8 U.S.C. § 1101(a)(43), then he is not only deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), but also ineligible for certain forms of discretionary relief from removal, such as asylum or cancellation of removal. See 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), § 1229b(a)(3), (b)(1)(C).

[3] In one e-mail, the prosecutor told defense counsel that "if you can think of something that would require registration but would not result in deportation, we would be willing to consider it." Clerk's Papers at 1232. In a follow-up e-mail sent later the same day, the prosecutor stated, "Word on the street is Asst 3 SM is not deportable." Id.

2

prosecutor e-mailed defense counsel stating, "Last chance for CMIP or Asst 3 with SMI."[4] He followed up two days later stating, "[I]f we are going to do a plea, we will need to do it Friday. None of us needs to be spending any time this weekend on unnecessary last minute trial prep."[5] Bharadwaj sought advice from an immigration attorney regarding the deportation consequences of pleading guilty, but defense counsel failed to provide Bharadwaj information necessary for the immigration attorney to provide an opinion. Ultimately, the parties did not reach an agreement, and the case proceeded to a bench trial. The trial court found Bharadwaj guilty on all charges and subsequently sentenced him to a total term of 57 months of imprisonment and 36 months of community custody.

Prior to sentencing, Bharadwaj's attorney filed a motion for a new trial under Criminal Rule (CrR) 7.5. Then, at the hearing on the motion, defense counsel stated his intent to withdraw due to a perceived conflict of interest. Counsel informed the court that he believed that an actual conflict existed because Bharadwaj intended to argue that counsel was ineffective during plea negotiations. Bharadwaj addressed the court directly, indicated his belief that counsel was ineffective, and requested additional time to allow substitute counsel to supplement the motion for a new trial. The trial court denied the request to withdraw and allow substitute counsel. The trial court also denied the motion for a new trial after it was presented without oral argument. After sentencing, defense counsel was allowed to withdraw. Bharadwaj's new attorney filed a motion for reconsideration, which the trial court denied.

---

[4] Clerk's Papers at 1238.
[5] Clerk's Papers at 1237.

No. 69453-7-I/4

Bharadwaj then filed a motion for relief from judgment pursuant to CrR 7.8(b)(5) alleging ineffective assistance of counsel during plea negotiations. Bharadwaj argued that in order to avoid deportation he would have pleaded guilty to assault in the third degree with sexual motivation with competent advice from counsel. Following a hearing, the trial court denied the motion for relief from judgment.

Bharadwaj appeals.[6]

## DECISION

Bharadwaj contends that the trial court erred in denying his motion for relief from judgment based on the ineffective assistance of counsel during plea negotiations. We disagree.

Although we review a trial court's denial of a CrR 7.8 motion for an abuse of discretion,[7] we review de novo a claim of ineffective assistance of counsel raised under CrR 7.8(b)(5) because the claim presents mixed questions of law and fact.[8] A defendant possesses the right to the effective assistance of counsel in criminal proceedings, including during plea negotiations.[9] To prevail on an ineffective assistance of counsel claim, the defendant must show both that defense counsel's representation was deficient and that the deficient performance prejudiced the

_____

[6] Bharadwaj appeals both from the judgment and sentence, filed as No. 69453-7-I, and from the order denying his motion for relief from judgment, filed as No. 69854-1-I. These appeals were consolidated under No. 69453-7-I.

[7] State v. Hardesty, 129 Wn.2d 303, 317, 915 P.2d 1080 (1996).

[8] State v. A.N.J., 168 Wn.2d 91, 109, 225 P.3d 956 (2010).

[9] Strickland v. Washington, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

4

defendant.[10] To establish prejudice in the plea bargaining context, "a defendant must show the outcome of the plea process would have been different with competent advice."[11] More specifically, "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."[12] The defendant must also demonstrate a reasonable probability that the State would not have withdrawn the offer and that the trial court would have accepted the agreement.[13]

Bharadwaj cannot establish such prejudice because the State did not make an offer that he could accept.[14] We understand that "the plea-bargaining process is often in flux, with no clear standards or timelines"[15] and that "[b]argaining is, by its nature, defined to a substantial degree by personal style."[16] But plea agreements are interpreted as contracts,[17] so we apply basic rules of contract law to determine

---

[10] Strickland, 466 U.S. at 687.

[11] Lafler, 132 S. Ct. at 1384; see Strickland, 466 U.S. at 694.

[12] Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 1409, 182 L. Ed. 2d 379 (2012).

[13] Id. at 1410; see Lafler, 132 S. Ct. at 1384-85.

[14] We need not decide whether counsel performed deficiently. If a defendant fails to establish either prong, we need not inquire further. State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

[15] Frye, 132 S. Ct. at 1407.

[16] Id. at 1408.

[17] State v. Sledge, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997); State v. Wakefield, 130 Wn.2d 464, 480, 925 P.2d 183 (1996).

whether a plea offer was made during the parties' negotiations.[18] Under general contract principles, "[a]n offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it."[19] Additionally, an agreement must have sufficiently definite terms to be enforceable.[20]

Bharadwaj conceded both before the trial court and before us on appeal that the State did not make a formal offer to allow Bharadwaj to plead guilty to assault in the third degree with sexual motivation.[21] Bharadwaj argues that he need demonstrate only that there is a reasonable probability that a formal offer would have been made. But the United States Supreme Court in Lafler v. Cooper made clear that the probability of an offer is not sufficient: "If no plea offer is made . . . the [ineffective assistance] issue raised here simply does not arise."[22] Instead,

---

[18] State v. Wheeler, 95 Wn.2d 799, 803, 631 P.2d 376 (1981).

[19] RESTATEMENT (SECOND) OF CONTRACTS § 24 (1981); see Havens v. C & D Plastics, Inc., 124 Wn.2d 158, 172, 876 P.2d 435 (1994) ("A promise is 'a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.'" (quoting RESTATEMENT (SECOND) OF CONTRACTS § 2(1) (1981))); Pac. Cascade Corp. v. Nimmer, 25 Wn. App. 552, 556, 608 P.2d 266 (1980) ("An offer consists of a promise to render a stated performance in exchange for a return promise being given.").

[20] Keystone Land & Dev. Co. v. Xerox Corp., 152 Wn.2d 171, 178, 94 P.3d 945 (2004); see also RESTATEMENT (SECOND) OF CONTRACTS § 33 (1981) ("The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.").

[21] "[T]he fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." Frye, 132 S. Ct. at 1409.

[22] Lafler, 132 S. Ct. at 1387. "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Id. (emphasis added).

Bharadwaj must demonstrate a reasonable probability "that [he] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances."[23] This is a generous standard,[24] but without an actual offer that Bharadwaj could have accepted, his ineffective assistance claim cannot succeed.[25]

Here, based on the evidence in the record, the State did not offer a plea agreement to assault in the third degree with sexual motivation. Bharadwaj submitted e-mail messages that represent the negotiations between his defense attorneys and the prosecutor.[26] Over the course of several messages, the prosecutor suggested that if Bharadwaj pleaded guilty to assault in the third degree with sexual motivation, he might avoid deportation, specified the State's requirement that Bharadwaj register as sex offender,[27] and identified a deadline by which Bharadwaj must indicate his desire to plead guilty. These e-mail messages do not address all material terms necessary for a plea agreement, including the prosecutor's sentence recommendation.[28] Thus, the State's e-mail did not contain sufficiently

---

[23] Id. at 1385.

[24] The standard of proof to demonstrate a reasonable probability "is 'somewhat lower' than the common 'preponderance of the evidence' standard." State v. Sandoval, 171 Wn.2d 163, 175, 249 P.3d 1015 (2011) (quoting Strickland, 466 U.S. at 694).

[25] See Lafler, 132 S. Ct. at 1387.

[26] Bharadwaj does not allege that additional negotiations were conducted outside of the parties' e-mail exchanges.

[27] In one e-mail, the prosecutor stated, "What matters to us is that he be held accountable for the general nature of his actions and that he register." Clerk's Papers at 1232.

[28] Cf. Merzbacher v. Shearin, 706 F.3d 356, 369 (4th Cir.), cert. denied, 134 S. Ct. 71 (2013) (holding that the offer was not sufficiently well-defined because "several

well-defined terms that Bharadwaj had only to accept.[29] The e-mail messages clearly contemplated future negotiations, as the prosecutor expressly indicated that any proposed plea was conditional on acceptance by "the powers that be," namely, the prosecutor's supervisor.[30] Thus, the State's tentative proposal was merely part of the parties' preliminary plea discussion.

For these reasons, Bharadwaj has not demonstrated that the State made an offer that he could or would have accepted absent counsel's deficient performance. Thus, Bharadwaj's ineffective assistance of counsel claim fails. The trial court properly denied his motion for relief from judgment.

Bharadwaj next contends that the trial court erroneously denied his motion for a new trial without allowing substitute counsel because defense counsel was burdened by a conflict of interest after Bharadwaj alleged that he was ineffective.[31] We disagree.

---

of the offer's terms lacked definition" and "the undefined terms were of the sort that require substantial negotiation and compromise."). "The more important the uncertainty, the stronger the indication is that the parties do not intend to be bound; minor items are more likely to be left to the option of one of the parties or to what is customary or reasonable." RESTATEMENT (SECOND) OF CONTRACTS § 33, cmt. (f).

[29] An offer is made when another person's "assent to that bargain is invited and *will conclude it.*" RESTATEMENT (SECOND) OF CONTRACTS § 24 (emphasis added).

[30] Specifically, in response to defense counsel's inquiry about the proposed assault plea, the prosecutor wrote, "I would have to run it by the powers that be." Clerk's Papers at 1240.

[31] Specifically, Bharadwaj asserts that the trial court erred by denying his "request for appointment of conflict-free counsel to represent him on the motion for new trial." Appellant's Br. at 19. Although it appears from our limited appellate record that Bharadwaj likely was represented by retained, rather than appointed, counsel, he did not argue below and he does not argue on appeal that his constitutional right to counsel of choice was violated. See United States v. Gonzalez-Lopez, 548 U.S. 140, 144-48, 152, 126 S. Ct. 2557, 165 L. Ed. 2d. 409 (2006); State

A defendant's allegation of ineffective assistance does not create an inherent conflict of interest automatically requiring the court to allow defense counsel's withdrawal and to appoint substitute counsel.[32] "[I]f a defendant could force the appointment of substitute counsel simply by expressing a desire to raise a claim of ineffective assistance of counsel, then the defendant could do so whenever he wished, for whatever reason."[33] Instead, when a defense attorney notifies the trial court that he has a potential conflict of interest, the court must allow substitute counsel or take adequate steps to ascertain whether the risk of a conflict of interest is too remote to warrant substitute counsel.[34] The court should consider (1) the reasons given for the dissatisfaction; (2) the court's own evaluation of counsel; and (3) the effect of any substitution upon the scheduled proceedings.[35]

Here, defense counsel notified the trial court that he had a potential conflict of interest. But the only specific reason given for the alleged conflict was the possibility that Bharadwaj would file a motion alleging counsel's ineffectiveness during plea negotiations.[36] Notably, no written motion had been filed setting forth such an

---

v. Hampton, ___ Wn. App. ___, 332 P.3d 1020, 1027 (2014). Accordingly, we review the claim that has been presented to us. See RAP 10.3(a)(4).

[32] State v. Rosborough, 62 Wn. App. 341, 346, 814 P.2d 679 (1991).

[33] State v. Stark, 48 Wn. App. 245, 253, 738 P.2d 684 (1987).

[34] See Holloway v. Arkansas, 435 U.S. 475, 485-87, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); see also Rosborough, 62 Wn. App. at 347-48.

[35] State v. Stenson, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997); Stark, 48 Wn. App. at 253.

[36] The alleged ineffective assistance claim stated by defense counsel when arguing below that substitute counsel should be appointed was different than the claim later raised by substitute counsel in the motion for relief from judgment and on appeal. But Bharadwaj, who directly addressed the trial court regarding his belief

9

ineffective assistance claim. And, even when given an opportunity to directly address the court, Bharadwaj failed to provide any detail regarding counsel's alleged ineffectiveness. Bharadwaj's proposed substitute counsel was available but could not effectively argue the post-trial motion without additional time to prepare, which would have caused further delay in the proceedings. Moreover, defense counsel's statements to the court suggested that the alleged conflict of interest did not arise until after the written motion for a new trial had been filed. And the trial court determined that disposition of the motion without argument was appropriate.

We have previously held that a trial court abused its discretion by not appointing substitute counsel when defense counsel refused to assist the defendant at a plea withdrawal hearing and even testified as a witness for the State regarding the alleged ineffective assistance of counsel.[37] Concluding that the conflict of interest clearly affected the disposition of the defendant's motion, we held that the defendant was denied his right to counsel and remanded for a new hearing with substitute counsel.[38] However, we noted that the conflict of interest was "evidenced by [counsel's] direct testimony against [the defendant]'s interest at the hearing."[39]

In Bharadwaj's case, the trial court was not presented with any such evidence of a conflict of interest. Defense counsel did not testify against Bharadwaj or otherwise take a position antagonistic to his client's interests. While Bharadwaj's attorney did not orally argue the motion for a new trial, this did not result in an outright

---

that counsel was ineffective, did not attempt to clarify the claimed conflict or the basis for the ineffective assistance claim.

[37] State v. Harell, 80 Wn. App. 802, 803, 911 P.2d 1034 (1996).

[38] Id. at 804.

[39] Id. at 805.

denial of counsel because the trial court determined that oral argument was unnecessary. When a post-trial motion is filed, the decision to hold "oral argument is a matter of discretion, so long as the movant is given the opportunity to argue in writing his or her version of the facts and law."[40] The trial court did not abuse its discretion by denying the request for the substitution of counsel, nor did it abuse its discretion by denying Bharadwaj's motion for a new trial without hearing oral argument.

We affirm.

WE CONCUR:

_____

_____

_____
Cox, J.

---

[40] State v. Bandura, 85 Wn. App. 87, 93, 931 P.2d 174 (1997).