FILED
COURT OF APPEALS
DIVISION II

2015 APR 14 AM 9: 52

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>.Respondent,<br><br>v.<br><br>MATTHEW MITTELSTAEDT,<br><br>Appellant. | No. 45735-1-II<br><br>UNPUBLISHED OPINION |

BJORGEN, A.C.J. — Matthew Mittelstaedt pled guilty to six counts of third degree assault and one count of third degree child rape. After the trial court accepted his guilty plea, Mittelstaedt filed a pro se motion to withdraw his guilty plea, asserting that his defense counsel had rendered ineffective assistance during the plea bargain process. The trial court denied his motion. Mittelstaedt appeals, contending that the trial court violated his right to counsel by denying his motion without first appointing him substitute counsel. We affirm.

## FACTS

On August 17, 2012, the State charged Mittelstaedt with first degree child rape based on allegations that he had engaged in sexual intercourse with his daughter. On November 8, 2013, the State amended its charges to six counts of third degree assault and one count of third degree child rape in exchange for Mittelstaedt's agreement to plead guilty to the amended charges. In his written guilty plea statement, Mittelstaedt stated that he was pleading guilty to the amended

charges to avoid the possibility of receiving a "third strike" conviction under the Persistent Offender Accountability Act (POAA), which conviction would result in Mittelstaedt's confinement for life without the possibility of release.[1] Clerk's Papers (CP) at 24; RCW 9.94A.030(32), (37); RCW 9.94A.570.

On November 8, 2013, the trial court held a hearing on Mittelstaedt's guilty plea, at which Mittelstaedt stated he was voluntarily pleading guilty. The trial court accepted Mittelstaedt's guilty plea, finding that Mittelstaedt had entered his guilty plea "knowingly, intelligently and voluntarily [with] aware[ness] of the consequences of the plea." Report of Proceedings (RP) (Nov. 8, 2013) at 10. On December 5, Mittelstaedt filed a pro se motion to withdraw his plea that stated:

> 1. On the 7th of November, 2013 prior to the start of trial the defendant did state in open court the lack of preparation for trial, and with that the lack of communication with defense counsel so as to provide adequate representation in trial and allow the defendant to make informed decisions. That being said, Defendant's decision to plead guilty was based on the opportunity to get out of prison vs. never getting out, as the situation was presented by defense counsel.
>
> 2. When the idea or possibility of mitigation was brought up on the 7th of November the Honorable Judge McCarthy did state the defendant would have through the holiday weekend to consider resolving this case. Defense counsel later followed up by stating he would give his client until the afternoon of the 8th of November to consider settlement, further exacerbating the defendant's anxiety from not being prepared and further depriving his ability to think with a sound mind and make rational decisions in attempting to resolve this case.
>
> 3. With these facts of the matter, should the defendant have had the holiday weekend as initially allowed by the Honorable Judge's recommendation, Defendant would have decided to continue to trial so as to prove his innocence, facing his accuser(s), and retaining his rights including to appeal.
>
> 4. With that said, the defendant hopes and prays the Honorable Judge McCarthy acknowledges, hears, and grants his motion to withdraw his plea.

---

[1] In his guilty plea, Mittelstaedt stipulated that he had previously been convicted of first degree child molestation, second degree molestation, and second degree assault.

2

CP at 33-35.

On December 16, Mittelstaedt wrote a letter addressed to the Chief Judge of the Pierce County Superior Court, stating he had a conflict with his defense counsel and requesting the appointment of substitute counsel. At Mittelstaedt's December 20 sentencing hearing, defense counsel told the trial court that (1) Mittelstaedt had sought to withdraw his plea shortly after it was entered, (2) he advised Mittelstaedt to put his reasons for seeking a withdrawal of his guilty plea in writing, and (3) after reviewing Mittelstaedt's written statement, he could not ethically endorse Mittelstaedt's request to withdraw the guilty plea.

The trial court then asked Mittelstaedt:

> On that issue on your motion? Do you understand the State has filed a memorandum, and your attorney has referenced it. He is not necessarily joining in your motion, and he is your attorney.
> Your motion appears to be deficient legally for many of the reasons that the State has set forth in their response. Nonetheless, I will give you an opportunity to be heard, if you'd like.

RP (Dec. 20, 2013) at 4. Mittelstaedt told the trial court that he was dissatisfied with defense counsel's representation, because defense counsel failed to interview several potential witnesses, defense counsel indicated that he would not call certain witnesses to testify at trial, and his communication with defense counsel has been "strained and combative." RP (Dec. 20, 2013) at 6. Mittelstaedt also told the trial court that his defense counsel had pressured him into accepting the State's plea offer. Additionally, Mittelstaedt stated to the trial court:

> It was only after defense counsel completely undermined my decision by stating he was going to run a clean case along with the prosecution and judge, that I became completely petrified of the prospect of not having a chance in trial or on appeal to prove my innocence.
> At that moment, I caved in to all he was saying to me and took the deal, but even that is not under the terms I stated I would accept.

RP (Dec. 20, 2013) at 8.

3

In response, the State argued that the trial court should deny Mittelstaedt's motion to withdraw his guilty plea, because Mittelstaedt failed to show a manifest injustice warranting the withdrawal of his guilty plea as required under CrR 4.2(f) and because the trial court had already accepted Mittelstaedt's guilty plea as voluntarily given after engaging in its colloquy with him. After the State concluded its argument, defense counsel stated:

> The only thing I would indicate, Your Honor, is that Mr. Mittelstaedt has added a lot of facts that he did not put in his motion, most particularly regarding the quality of my representation. So, again, that puts me in an even more uncomfortable situation, and I would invite the Court, if the Court wants to make an inquiry into those issues, that we set this over; that Mr. Mittelstaedt be appointed another lawyer to look into the quality of my representation, because what he is essentially telling you is that I didn't adequately investigate this case. I didn't— I wasn't adequately prepared, and I essentially forced him to take this deal, which, quite frankly, I refute.
>
> But if that's an issue that needs to be looked into, then I would invite this Court to appoint another lawyer to look into that issue, and I think that would be appropriate given what Mr. Mittelstaedt has said on the record today which is significantly different and certainly more expansive than the content of his written motion.

RP (Dec. 20, 2013) at 10-11. The trial court denied defense counsel's request to appoint Mittelstaedt substitute counsel, and it denied Mittelstaedt's motion to withdraw his guilty plea. Mittelstaedt appeals from the denial of his motion to withdraw his guilty plea and requests us to remand for a new hearing on his motion to withdraw his guilty plea with newly appointed counsel.

ANALYSIS

Mittelstaedt contends that the trial court erred by denying his motion to withdraw his guilty plea without first assigning him substitute counsel. We disagree.

CrR 4.2(f) governs a trial court's ruling on a motion for withdrawal of guilty plea if filed before the trial court enters its final judgment and sentence. CrR 4.2(f) provides:

> The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.431 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.401-.411, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered. If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8.

A defendant's claim that he or she was denied effective assistance of counsel during the plea bargain process may support a finding of manifest injustice warranting the withdrawal of a guilty plea under CrR 4.2(f). *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). We review for an abuse of discretion a trial court's decision to grant or deny a motion to withdraw a guilty plea under CrR 4.2(f). *State v. Zhao*, 157 Wn.2d 188, 197, 137 P.3d 835 (2006).

The Sixth Amendment of the United States Constitution provides criminal defendants with the right to conflict-free counsel at all critical stages of prosecution, including an evidentiary hearing on a defendant's motion to withdraw his or her guilty plea. *State v. Dhaliwal*, 150 Wn.2d 559, 566, 79 P.3d 432 (2003); *State v. Robinson*, 153 Wn.2d 689, 694, 107 P.3d 90 (2005); *State v. Harell*, 80 Wn. App. 802, 804, 911 P.2d 1034 (1996). However, a defendant's allegation that counsel rendered ineffective assistance alone does not create a conflict of interest requiring the substitution of counsel. *State v. Stark*, 48 Wn. App. 245, 253, 738 P.2d 684 (1987). Rather, "[t]he determination of whether an indigent's dissatisfaction with his court-appointed counsel warrants appointment of substitute counsel rests within the sound

discretion of the trial court." *Stark*, 48 Wn. App. at 252 (internal footnote omitted). *Stark* recognized further that "if a defendant could force the appointment of substitute counsel simply by expressing a desire to raise a claim of ineffective assistance of counsel, then the defendant could do so whenever he wished, for whatever reason." *Stark*, 48 Wn. App. at 253. Thus, where a defendant files a CrR 4.7(f) motion to withdraw his or her guilty plea based on the allegation that defense counsel rendered ineffective assistance during the plea bargain process, the trial court need not hold a hearing at which substitute counsel must be appointed if the trial court acted within its discretion in finding that the defendant's allegation lacked merit.

Mittelstaedt argues that *Harell* supports his claim that the trial court erred by denying his motion to withdraw his guilty plea without first appointing him substitute counsel. In *Harell*, the defendant moved to withdraw his guilty plea based on an allegation that his counsel had rendered ineffective assistance during the plea bargain process. 80 Wn. App. at 803. The trial court found that the defendant had alleged sufficient facts to warrant an evidentiary hearing on his motion. *Harell*, 80 Wn. App. at 804. During the evidentiary hearing, defense counsel testified as a witness for the State while the defendant was left unrepresented, and the trial court denied defendant's motion to withdraw his guilty plea. *Harell*, 80 Wn. App. at 805. On appeal, Division One of our court reversed and remanded for a new plea withdrawal hearing with newly appointed counsel, holding that the defendant's right to counsel was violated by the outright denial of counsel during a critical stage of the prosecution. *Harell*, 80 Wn. App. at 805.

This case is distinguishable. Unlike in *Harell*, here the trial court determined that Mittelstaedt had not alleged sufficient facts to warrant an evidentiary hearing on his withdrawal motion. The trial court acted within its discretion in determining that an evidentiary hearing was not required. Although Mittelstaedt's pro se motion alleged that his "decision to plead guilty

was based on the opportunity to get out of prison vs. never getting out, as the situation was presented by defense counsel," his motion did not explain how defense counsel was deficient in presenting that situation to him. CP at 34. Similarly, Mittelstaedt failed to explain how his defense counsel's alleged remark to him that counsel would "run a clean case" had pressured him into accepting the State's plea offer. RP (Dec. 20, 2013) at 8.

To prevail on an ineffective assistance claim, the defendant must establish that counsel's performance was deficient and that the deficient representation prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In the context of a defendant's claim that his or her defense counsel rendered ineffective assistance during the plea bargaining stage, this test requires the defendant to show that (1) counsel failed to "actually and substantially [assist the] client in deciding whether to plead guilty," *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981), and (2) "that but for counsel's failure to adequately advise [the defendant], [the defendant] would not have pleaded guilty." *State v. McCollum*, 88 Wn. App. 977, 982, 947 P.2d 1235 (1997). Mittelstaedt's statements that his "decision to plead guilty was based on the opportunity to get out of prison vs. never getting out, as the situation was presented by defense counsel" and that he was pressured to accept the State's plea offer based on defense counsel's assertion that counsel would "run a clean case" were inadequate to meet this standard. RP (Dec. 20, 2013) at 8.

Mittelstaedt's withdrawal motion also alleged that he would have elected to proceed to trial had defense counsel given him a few additional days to make his decision. However, the trial court found this allegation of prejudice to be without merit, noting that Mittelstaedt had agreed to plead guilty after hearing a good portion of the State's evidence at a child hearsay hearing and had ample opportunity to confer with his attorney and to stop the plea process.

Additionally, Mittelstaedt's bare allegation at his sentencing hearing that defense counsel had failed to interview certain witnesses could not support a finding of deficient performance or resulting prejudice, since Mittelstaedt did not allege that such witnesses would have provided evidence favorable to his defense. Finally, defense counsel's refusal to endorse Mittelstaedt's motion to withdraw his guilty plea in these circumstances did not create a conflict necessitating the appointment of substitute counsel. It is not professionally unreasonable for counsel to refuse to argue a claim clearly lacking merit. *United States v. Molina*, 934 F.2d 1440, 1447-48 (9th Cir. 1991); *Cuffle v. Goldsmith*, 906 F.2d 385, 388 (9th Cir. 1990).

Because the trial court acted within its discretion when it determined that Mittelstaedt's allegation of ineffective assistance lacked merit, it properly declined to hold an evidentiary hearing on his motion to withdraw his guilty plea. Thus, unlike in *Harell*, Mittelstaedt was not denied counsel at a critical stage of prosecution. Accordingly, we affirm the trial court's denial of Mittelstaedt's motion to withdraw his guilty plea.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Worswick, J.

Sutton, J.