[No. 35593.    Department Two.    May 4, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILIP JAMES
McLAUGHLIN, *Appellant*.*

*Reported in 371 P. (2d) 55.

*Robert T. Kennedy,* for appellant.

*Arnold R. Zempel* and *John W. Maxwell,* for respondent.

DONWORTH, J.—This is an appeal by a minor from an order of Snohomish County Superior Court denying his motion and petition to vacate a judgment and sentence for second-degree burglary. The conviction was based on a plea of guilty, entered on the advice of former counsel to avoid prosecution for other crimes.

On January 29, 1960, appellant was charged with the crimes of second-degree burglary (Count I) and malicious mischief (Count II) committed on January 13, 1960. On that same day, Max Kosher, who was then his attorney, prepared a bail bond for appellant and he was released on bail.

On February 8, 1960, appellant appeared for arraignment with Mr. Kosher, and entered a plea of not guilty to each charge. The case was then set for trial on May 10, 1960, and appellant was again released on bail.

Subsequently, appellant was arrested and confined in the county jail on a charge of vagrancy which was filed against him after remand from the juvenile court. His release was again arranged by Mr. Kosher. Shortly thereafter, appellant was again arrested and confined on a charge of reckless driving. Again, he consulted his attorney, Mr. Kosher. After his release, and before he was tried on

any of the foregoing charges, appellant's series of temporary incarcerations were capped by his arrest on April 9, 1960, for a morals offense involving a girl twelve or thirteen years of age. (This time appellant was not released but remained in the county jail until April 22, 1960, the day he changed his plea to the charge of burglary from not guilty to guilty.)

In an attempt to learn the circumstances of the morals offense arrest, Max Kosher contacted Lloyd Meeds, deputy prosecuting attorney, and was advised that the state intended to file an amended information charging appellant with two counts of burglary and an additional charge based on the morals offense. Meeds indicated that he was willing to dismiss the second count based on malicious destruction of property, and would refrain from filing the amended information relating to the morals offense and a second count of burglary, provided that appellant was willing to plead guilty to the original count charging burglary.

Mr. Kosher advised appellant's mother of these facts, and expressed his belief that the wise course was to enter a plea of guilty to the original burglary count in view of all the circumstances. He informed her that the matter would be heard on April 22, 1960, and if appellant changed his plea to guilty at that time a trial would be unnecessary.

There was some conflict in the evidence as to whether Mrs. McLaughlin fully understood the nature and effect of the guilty plea. To the extent that it may have been relevant, the trial court apparently resolved that issue of fact against appellant.

On April 21, 1960, the day before the change of plea, Mr. Kosher went to the county jail and had an interview with appellant. Appellant was told that he could plead guilty to the original count of burglary, in which case all other charges would be dropped. Furthermore, according to the affidavit of Max Kosher, Mr. Kosher explained to appellant with a great deal of care that he was not likely to be granted probation in view of his conduct while he was out on bail.

On April 22, 1960, appellant appeared in the Superior

Court for Snohomish County. He replied in the affirmative to the court's question, ". . . Mr. Kosher is your attorney?"

The following questions and answers ensued:

"THE COURT: He informs me that you desire to withdraw the plea of not guilty which you have previously entered to the charge of burglary in the second degree, that is, that on January 13, 1960, breaking and entering a building of the Edmonds School District No. 15 in Alderwood Manor known as the Martha Lake Elementary School, with intent to commit a crime therein? MR. McLAUGHLIN: Yes, sir. THE COURT: Is this true? MR. McLAUGHLIN: Yes, sir. THE COURT: Do you desire to withdraw your plea of not guilty? MR. McLAUGHLIN: Yes, sir. THE COURT: Have you talked this matter over with Mr. Kosher? MR. McLAUGHLIN: (Hesitating) To a certain extent, yes, sir. THE COURT: Are you ready now to enter a plea to Count I of the Information, the charge of burglary in the second degree, in which you are charged of breaking and entering on the 13th day of January, 1960, in this county, a building owned by the Edmonds School District No. 15 in Alderwood Manor, known as the Martha Lake Elementary School, and that you did such with intent to commit a crime therein? MR. McLAUGHLIN: Yes, sir. THE COURT: What is your plea, guilty or not guilty? MR. McLAUGHLIN: Guilty. THE COURT: Plea of guilty will enter."

After considering all of the relevant circumstances (which consisted of evidence presented by counsel for the state and counsel for the defendant, as well as background known to the judge through his contact with him as a juvenile court defendant), appellant was sentenced to imprisonment in the Washington State Reformatory at Monroe for a maximum term of fifteen years. The court recommended a minimum sentence of two years.

■ Respondent, in its brief, has brought to our attention the fact that appellant's proposed statement of facts was not filed until ninety-six days after entry of the order appealed from in this case. Respondent did not move to strike the statement of facts, under Rule on Appeal 53(b) (RCW Vol. 0). Accordingly, since, under Rule on Appeal 46 (RCW Vol. 0, as amended, effective March 1, 1957),

late filing of the statement of facts no longer deprives this court of jurisdiction (*Cf. City of Lyman v. Adair*, 49 Wn. (2d) 85, 298 P. (2d) 496 (1956)), we are not called upon to decide whether the statement of facts should be stricken in this case.

There are twenty-six assignments of error, but only two basic contentions on this appeal.

The first contention, which can be disposed of rather briefly, is that appellant's plea of guilty was the result of a denial of the right to counsel, in that (1) his attorney was not diligent and failed to assist him properly, and (2) appellant was denied permission to telephone his attorney while he was confined in the county jail (from April 9 to April 22).

It is contended that appellant could have asserted in his own defense that, at the time of the burglary, he was too drunk to form a criminal intent. No competent counsel would advise his client to plead guilty when such a defense is available, it is argued. Furthermore, appellant asserts, Max Kosher's failure to confer more frequently with his jailed client shows that appellant really did not have the benefit of counsel at all.

We see no merit in this argument. Even with the benefit of hindsight in this case, there is no reason to believe that a plea of guilty was not the "wise course of action." The frequency of visits to his client while incarcerated has little, if any, bearing on the quality of services rendered by an attorney.

As for the contention of appellant (based on his own affidavit) that he was not allowed to communicate with his attorney, that allegation was denied by affidavits of several deputy sheriffs. We will not interfere with the trial court's determination of the factual dispute which resulted from conflicting affidavits.

There is no merit in the contention that appellant was not represented by competent counsel at all stages of the proceedings.

The second major contention is that the trial court erred

in finding that appellant had intelligently and understandingly waived his right to a trial on the issue of his guilt.

Judgment and sentence had already been entered when appellant, with the aid of a new attorney, moved to vacate the judgment and sentence.[1] Appellant contends that he was ignorant of the effect of changing his plea, and thought that it meant that he would be tried on May 10, 1960, on only the one count of burglary.

Appellant contends that it is error to enter judgment on a plea of guilty, when that plea is *not* (1) voluntary, (2) unequivocal, and (3) intelligently and understandingly made.

■ We accept that statement of the law, with the proviso that:

"Whether, in this case, the plea of guilty was voluntarily, unequivocally, intelligently, and understandingly made, is a question of fact which the trial court resolved against appellant. That finding must stand unless it is contrary to the clear preponderance of the evidence." *State v. Taft,* 49 Wn. (2d) 98, 100, 297 P. (2d) 1116 (1956).

. In other words, the nature of this factual issue places its determination peculiarly within the province of the trial court, and, if the finding of the trial court is not manifestly erroneous, we will not overturn it. See, also, *State v. Stacy,* 43 Wn. (2d) 358, 261 P. (2d) 400 (1953); *State v. Rose,* 42 Wn. (2d) 509, 256 P. (2d) 493 (1953); *State v. Hensley,* 20 Wn. (2d) 95, 145 P. (2d) 1014 (1944); *State v. Cimini,* 53 Wash. 268, 101 Pac. 891 (1909).

In his attack on the trial judge's finding that the plea of guilty was intelligently made, appellant places much reliance on the fact that he hesitated and equivocated when asked if he had talked over the matter with Mr. Kosher.

■ Appellant's hesitation possibly might have warranted the trial judge in asking further questions of him at that time. That, however, is not the question before us.

---

[1] RCW 10.40.175 provides for a motion to withdraw a plea of guilty, but such a motion can be made only before the signing of judgment and sentence. Therefore, this motion was brought under RCW 4.72.010.

We must decide whether the trial court erred in denying the post-conviction motion to vacate judgment and sentence.

The question is, was the evidence before the judge at the hearing on that motion sufficient to support the court's finding that the plea of guilty had been intelligently entered in the earlier proceeding. In other words, did the trial court, with the benefit of hindsight and additional evidence available to him at the later hearing, properly determine that his earlier finding had been correct?

Once the issue is properly framed, the answer can be stated briefly. There is ample evidence in the record to support the finding of the trial court. For example, a major contention of appellant is that Max Kosher failed to explain to him the entire situation, and the consequences of a plea of guilty. That contention is directly contradicted by Mr. Kosher's affidavit, *inter alia*.

Finally, appellant contends that the finding of the trial court, in denying the motion to vacate judgment and sentence, was based in part on juvenile court records and proceedings which were not in evidence in this case.

The judge merely commented that he had observed appellant's demeanor, intelligence, and understanding during prior juvenile court proceedings at which he presided. Since the prior proceedings had been mentioned by counsel for each side, the court was not taking judicial notice of the proceedings. No reference was made to the records in such proceedings. We hold that it was permissible for the trial court to take into consideration his previous observations of appellant's demeanor, intelligence, and understanding obtained in his official capacity as juvenile court judge.

The trial court did not err in holding that the plea of guilty was intelligently and understandingly made.

The order of the trial court, denying appellant's petition to vacate judgment and sentence, is affirmed.

FINLEY, C. J., HILL, OTT, and FOSTER, JJ., concur.

---

August 20, 1962. Petition for rehearing denied.