**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

MAY 21, 2026

~Stgree, C. J.~
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MAY 21, 2026

SARAH R. PENDLETON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON | ) | |
| Respondent, | ) | No. 104065-2 |
| v. | ) | |
| | ) | En Banc |
| KRISTOPHER KORSAKAS, | ) | |
| Petitioner. | ) | Filed: May 21, 2026 |

GONZÁLEZ, J.—Kristopher Korsakas argues he was completely denied counsel at a critical stage of his prosecution. A motion to withdraw a guilty plea is a critical stage of the prosecution, but Korsakas was not completely denied counsel in this case.

During his trial, Korsakas waived his right to a jury trial and decided to enter a guilty plea, which the trial judge found was knowing, voluntary, and intelligent. During his sentencing hearing, Korsakas moved to withdraw that guilty plea, asserting that his plea was involuntary due to ineffective assistance of counsel at trial. Under CrR 4.2(f), "[t]he court shall allow a defendant to withdraw the

defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." After expressing concern that Korsakas' motion was a collateral attack, defense counsel did not present the motion. Korsakas' motion was not a collateral attack because it was made before entry of the judgment.

The sentencing judge allowed Korsakas to present his motion himself, effectively concluded it was frivolous, and denied it. The Court of Appeals affirmed. We granted review limited to whether Korsakas was entitled to have defense counsel argue his motion to withdraw his guilty plea.

Korsakas contends his attorney should have argued his motion to withdraw his guilty plea and, since his attorney did not, he was completely denied counsel at a critical stage of the prosecution. The complete denial of counsel at a critical stage of the prosecution is structural error that requires automatic reversal. *State v. Heng*, 2 Wn.3d 384, 392, 539 P.3d 13 (2023). Here, Korsakas' counsel remained appointed and available, and his counsel did not labor under a conflict of interest.

Under these facts, we hold that Korsakas was not completely denied counsel at a critical stage. Accordingly, we affirm.

BACKGROUND

The State charged Korsakas with multiple violations of domestic violence protection orders, domestic violence stalking, first degree criminal impersonation, and misdemeanor stalking. Near the end of the State's case in chief at trial,

Korsakas decided to plead guilty to all counts and admitted to facts supporting the deliberate cruelty domestic violence aggravating factor.[1]

During trial, before Korsakas pleaded guilty, the jury heard from the victim and two of Korsakas' past victims for ER 404(b) common scheme or plan purposes. *See* Clerk's Papers at 198-202. Under ER 404(b), the trial court concluded, "Mr. Korsakas can be said to have ultimately a three-part plan. Possessive behavior, threats, and electronic surveillance." 4 Verbatim Tr. of Proc. (VTP) at 358. During the final ER 404(b) offer of proof, Korsakas wrote to his attorney, "'I want to resolve.'" 5 VTP at 412-13.[2]

Prior to pleading guilty, Korsakas had moved to represent himself pro se, asserting a breakdown in communication with his attorney and insufficient preparation for trial. The trial court began conducting a colloquy with Korsakas regarding waiver of counsel but recessed to allow him to consult with his attorney further. *See* 4 VTP at 362-73. After the recess, Korsakas withdrew his request to proceed pro se and expressed his desire to plead guilty. The court had a long discussion with Korsakas on the record before concluding that Korsakas

---

[1] "Deliberate cruelty" has been defined as "gratuitous violence or other conduct which inflicts physical, psychological, or emotional pain as an end in itself, and which goes beyond what is inherent in the elements of the crime [or is normally associated with the commission of the crime]." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 300.10 (5th ed. 2024).

[2] Korsakas' counsel shared this information at sentencing as "an indication of remorse." 5 VTP at 413.

understood the charges, the rights he was waiving, and the consequences of his plea. The court accepted his guilty plea.

At sentencing, after the State made its recommendation and the victim addressed the court, defense counsel informed the court that Korsakas wished to move to withdraw his guilty plea. Counsel did not file a written motion or argue the motion; instead, he asked the court, "Can I let Mr. Korsakas make his motion, Your Honor? It's collateral attack. I don't normally get involved with that." 5 VTP at 410. A motion to withdraw before entry of the judgment is not a collateral attack. CrR 4.2(f); *State v. Buckman*, 190 Wn.2d 51, 56 n.1, 409 P.3d 193 (2018).

The court allowed Korsakas to present the basis for his motion. Korsakas said:

> The defendant now claims under manifest injustice occurred under *U.S. v. Couto*, 311 F.3d 179, in the Second Circuit of 2002,[3] the specific claims is—the defendant makes at this time are the defendant's trial attorney, Steven Avila, was so ineffective in mounting a defense that the only alternative that the defendant was to take a guilty plea, as well as the defendant shall not be permitted to—I ask for the defendant should be permitted to withdraw his plea of guilt since it existed only under ambiguous expression of the qualified guilt coupled with statements of facts, and as the colloquy with the Court shows, that the defendant was

---

[3] *United States v. Couto*, 311 F.3d 179 (2d Cir. 2002), *abrogated by Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). In *Couto*, the Second Circuit Court of Appeals held an attorney was ineffective for affirmatively misrepresenting to a client the deportation consequences of a guilty plea. 311 F.3d at 187-88. In *Padilla*, the United States Supreme Court expanded this holding to include failure to inform a client of the deportation consequences. 559 U.S. at 370-71.

in fact declaring his innocence despite his formalistic recitations of guilt.

Under these circumstances, he should be allowed to withdraw his plea and interpose a new plea of not guilty, if that's okay, Your Honor.

5 VTP at 410-11. The State opposed Korsakas' motion, emphasizing that the plea had already been accepted and that the judge had determined the plea was entered knowingly and voluntarily, and arguing that counsel had adequately advised Korsakas. The State requested additional time if the court decided to go forward with the motion to withdraw a guilty plea in order "to pull the records from that day and adequately respond." *Id.* at 412.

The court denied the motion:

So withdrawal of guilty pleas are governed by Criminal Rule 4.2(f). There are four nonexclusive instances where a manifest injustice exists: Where the defendant did not ratify the plea, the plea was not voluntar[]y, the defendant received ineffective[] assistance of counsel, or the plea agreement was not kept.

I don't find that any of those four instances exist, and I'm going to deny the motion.

*Id.* The court did not appoint new counsel, request a written motion, or further probe Korsakas' allegations. *See id.* The court subsequently imposed an exceptional sentence of 162 months in prison.

The Court of Appeals affirmed, concluding that where a defendant moves to withdraw a guilty plea based on an allegation of ineffective assistance, the trial court need not hold a hearing at which substitute counsel must be appointed if the

5

court acted within its discretion in finding that the defendant's allegation lacked merit. *State v. Korsakas*, No. 86843-8, slip op. at 5-7 (Wash. Ct. App. Feb. 18, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/868438.pdf.

We granted limited review "only on the issue of whether Korsakas was entitled to have defense counsel argue his motion to withdraw his guilty plea." Order (Aug. 6, 2025).

ANALYSIS

We review constitutional claims alleging denial of the right to counsel de novo, and we afford appropriate deference to the trial court's factual determinations regarding the right to counsel. *State v. Cross*, 156 Wn.2d 580, 605, 132 P.3d 80 (2006), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018) (plurality opinion). We review a trial court's denial of a motion to withdraw a guilty plea and a motion to substitute counsel for abuse of discretion. *State v. Olmsted*, 70 Wn.2d 116, 118, 422 P.2d 312 (1966); *State v. Stark*, 48 Wn. App. 245, 253, 738 P.2d 684 (1987). Unchallenged findings are verities on appeal. *State v. Samalia*, 186 Wn.2d 262, 269, 375 P.3d 1082 (2016).

A guilty plea constitutes a waiver of several fundamental constitutional rights, including the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). For that reason, a guilty plea must be entered

6

with "an affirmative showing that it was intelligent and voluntary." *Id.* at 242.

Once accepted by the court, unless withdrawn, a guilty plea "is itself a conviction."

*Id.* (citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 71 L. Ed.

1009 (1927)); *see also Woods v. Rhay*, 68 Wn.2d 601, 605, 414 P.2d 601 (1966)

("Unless withdrawn before sentence is pronounced, such a plea has the same effect

in law as a verdict of guilty, for nothing remains to be done save the imposition of

sentence.").

The constitution reserves the "ultimate authority to make certain

fundamental decisions regarding the case," including whether to give up vital

constitutional rights by pleading guilty, for the defendant. *Jones v. Barnes*, 463

U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); *see also State v. Grier*,

171 Wn.2d 17, 30-31, 246 P.3d 1260 (2011). Unlike the absolute right to hold the

State to its burden of proof, a defendant does not have an absolute right to

withdraw a guilty plea that has been accepted by the court because the defendant

is challenging the validity of an existing conviction. *Compare State v. Humphries*,

181 Wn.2d 708, 714, 336 P.3d 1121 (2014) (an attorney cannot stipulate to

element over defendant's objection), *with Olmsted*, 70 Wn.2d at 118 ("A defendant

does not have a constitutional right to withdraw a plea of guilty and to enter a plea

of not guilty."). CrR 4.2(f) allows for a motion to withdraw a guilty plea before

judgment is entered.

Korsakas argues that a motion to withdraw is unlike "'a matter of strategy to be decided by counsel, not the client.'" Suppl. Br. of Pet'r at 14 (quoting *State v. Elwell*, 199 Wn.2d 256, 273, 505 P.3d 101 (2022)). He is correct on this point. Those charged with a crime have, as a matter of personal autonomy, the right to decide whether to maintain their innocence and go to trial or to plead guilty. That personal autonomy does not extend to the right to bring a motion to withdraw a guilty plea without a cognizable basis to do so.[4]

Under CrR 4.2(f), a trial court must allow a defendant to withdraw their guilty plea when necessary to correct a "manifest injustice." "Manifest injustice" is defined as "an injustice that is obvious, directly observable, overt, not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1966)). "Manifest injustice" includes, but is not limited to, an involuntary plea, ineffective assistance of counsel in connection with the plea, or the failure of the prosecution to honor a plea agreement. *State v. Saas*, 118 Wn.2d 37, 42, 820 P.2d 505 (1991) (quoting *Taylor*, 83 Wn.2d at 597).

---

[4] A defendant does not have a right to present pro se arguments while represented by counsel, but a court, in its discretion, is allowed to permit them to do so. *State v. Barker*, 35 Wn. App. 388, 394-95, 667 P.2d 108 (1983).

In some circumstances, this form of hybrid representation gives the defendant "a chance to bring the motion without requiring [them] to waive [their] right to counsel for the entire trial." *Elwell*, 199 Wn.2d at 274; *see also id.* (comparing hybrid representation to a RAP 10.10 statement of additional grounds for review); *State v. Hightower*, 36 Wn. App. 536, 541, 676 P.2d 1016 (1984) (recognizing "'to allow hybrid representation remains within the sound discretion of the trial judge'" (quoting *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981))).

The manifest injustice standard reflects the extensive procedural safeguards that are required before a judge may accept a guilty plea. *See State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). Whether a "plea of guilty was voluntary and intelligent is a question of fact 'peculiarly within the province of the trial court.'" *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004) (quoting *State v. McLaughlin*, 59 Wn.2d 865, 870, 371 P.2d 55 (1962)). Before accepting a guilty plea, the trial court must determine that the plea has been made voluntarily, competently, and with an understanding of both the nature of the charges and the consequences of the plea. CrR 4.2(d).

A defendant's sworn and written statement on plea of guilty is prima facie evidence of voluntariness. *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982); CrR 4.2(g). Where the court also conducts an adequate plea colloquy, the resulting presumption of voluntariness is "well nigh irrefutable." *Perez*, 33 Wn. App. at 262; *see also State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (a denial of improper influence "is 'highly persuasive' evidence that a plea is voluntary, but it is not 'conclusive'" (quoting *State v. Frederick*, 100 Wn.2d 550, 557, 674 P.2d 136 (1983))).

Given these principles, a defendant seeking to withdraw a guilty plea must allege specific facts sufficient to overcome the strong presumption of voluntariness created by the plea colloquy and the written statement on plea of guilty. *See Davis*,

9

125 Wn. App. at 68 ("a trial court is not required to waste valuable court time on frivolous or unjustified CrR 4.2 motions"). Korsakas has not done so. Because Korsakas does not challenge the adequacy of the plea colloquy or the court's denial of his motion to withdraw a guilty plea on the merits, we turn to Korsakas' argument that he was completely denied counsel.

### 1. COMPLETE DENIAL OF COUNSEL

Korsakas' sentencing hearing was a critical stage in the prosecution, and because Korsakas' motion to withdraw his guilty plea occurred in the course of that hearing, the trial court's consideration of Korsakas' motion was a part of that critical stage, too. *See State v. Harell*, 80 Wn. App. 802, 803-04, 911 P.2d 1034 (1996).

Korsakas contends he was completely denied counsel at a critical stage and is thus entitled to automatic reversal. The Sixth Amendment to the United States Constitution and article I, section 22 of our state constitution guarantees the right to counsel at all critical stages of a criminal prosecution. *State v. Heddrick*, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009). "An outright denial of the right to counsel is presumed prejudicial and warrants reversal without a harmless error analysis." *Harell*, 80 Wn. App. at 805. For example, in *Harell*, it constituted reversible error for a defendant to proceed pro se at a motion to withdraw a guilty

plea evidentiary hearing with their counsel testifying as a witness for the State. *Id.* at 803-05.

Korsakas argues that being required to address the court directly in support of his motion to withdraw his guilty plea constituted a complete denial of counsel requiring automatic reversal under *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). This argument misapprehends both the scope of *Cronic* and the record. *See State v. McCabe*, 25 Wn. App. 2d 456, 463-66, 523 P.3d 271 (2023) (discussing application of *Cronic* by Washington courts).

Under *Cronic*, complete denial of counsel occurs when counsel is either totally absent or prevented from assisting the defendant during a critical stage of the proceeding. *See* 466 U.S. at 659 n.25 (collecting cases). "Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* at 659. Korsakas has not shown that his counsel was absent, silenced, or otherwise prevented from assisting him. *See id.* at 659-60 (presumptive prejudice applies only in a narrow class of cases where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate").

Korsakas had counsel at his sentencing hearing. Korsakas did not request new counsel, counsel did not move to withdraw and remained available throughout

the hearing, and Korsakas' motion to withdraw his plea did not advance to an evidentiary hearing requiring fact-finding or credibility determinations. These circumstances do not constitute a complete denial of counsel. *See McCabe*, 25 Wn. App. 2d. at 466 ("assertions of underperformance and 'lack of dedication' are not cognizable under *Cronic*").

Korsakas also contends that his attorney usurped a decision belonging exclusively to him under *McCoy v. Louisiana* by failing to present the motion to withdraw his guilty plea. 584 U.S. 414, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018). *McCoy*, however, does not support that claim. *McCoy* involved counsel's concession of guilt at trial over the defendant's expressed and repeated insistence on maintaining innocence. *Id*. at 426. "[T]he violation of McCoy's protected autonomy right was complete when the court allowed counsel to usurp control of an issue within McCoy's sole prerogative." *Id.* at 426-27. The United States Supreme Court held that a violation of a defendant's "Sixth Amendment-secured autonomy" constitutes structural error. *Id.* at 427.

*McCoy* recognizes that the Constitution protects a defendant's authority to determine the fundamental objective of the defense—whether to admit guilt or maintain innocence at trial. Unlike in *McCoy*, counsel here did not concede guilt over the defendant's objection, override a chosen defense, or alter the adversarial posture of the case. Korsakas' counsel remained appointed and continued

representation. *See also, e.g.*, *Humphries*, 181 Wn.2d at 714; *Cross*, 156 Wn.2d at 606 ("defendants do have considerable control of their defenses"). Counsel did not affirm the validity of the plea or foreclose Korsakas' ability to be heard. *See, e.g.*, *State v. Chavez*, 162 Wn. App. 431, 257 P.3d 1114 (2011) (defendant was deprived of the assistance of counsel because his attorney filed a conciliatory brief in conjunction with the defendant's request to withdraw a guilty plea).[5]

Korsakas was not completely denied counsel and is, therefore, not entitled to automatic reversal. At the same time, we do not foreclose Korsakas' ability to allege he was prejudiced by his counsel's treatment of the CrR 4.2(f) motion as a "collateral attack." *See State v. Estes*, 188 Wn.2d 450, 460, 395 P.3d 1045 (2017) (competent representation includes the duty to research and understand the law). Such claims are properly analyzed under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). *See Bell v. Cone*, 535 U.S. 685, 697-98, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both that their counsel's performance fell below an objective standard of reasonableness and that the

---

[5] The record before us does not establish that Korsakas' defense counsel abandoned him, nor does it support the dissent's contention that the Sixth Amendment required the trial court to engage in a waiver of counsel colloquy before considering the basis for his motion. Dissent at 12.

13

deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. But, because Korsakas does not address *Strickland*, we do not consider that issue.

## 2. SUBSTITUTION OF COUNSEL

Finally, Korsakas contends that his counsel labored under a conflict of interest because his motion to withdraw his guilty plea alleged ineffective assistance of counsel, which required his attorney to "'denigrate their own performance' to advance." Suppl. Br. of Pet'r at 30 (quoting *Christeson v. Roper*, 574 U.S. 373, 378, 135 S. Ct. 891, 190 L. Ed. 2d 763 (2015)). The Sixth Amendment guarantees the assistance of counsel; it does not guarantee counsel of the defendant's choosing or substitution whenever an appointed attorney and client disagree. *State v. Roberts*, 142 Wn.2d 471, 515-16, 14 P.3d 713 (2000); *State v. Hampton*, 184 Wn.2d 656, 662, 361 P.3d 734 (2015); *see also Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) (no constitutional right to a meaningful relationship with counsel). Substitution of counsel was not required here.

A conflict of interest exists for Sixth Amendment purposes only when counsel's interests diverge from their client with respect to a material factual or legal issue or a course of action. *State v. Regan*, 143 Wn. App. 419, 427, 177 P.3d 783 (2008); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980) ("In order to establish a violation of the Sixth Amendment, a

14

defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). "An attorney must withdraw when it is likely [they] will present testimony related to substantive contested matters." *State v. Nation*, 110 Wn. App. 651, 659, 41 P.3d 1204 (2002). But a mere disagreement over trial strategy, or over counsel's assessment of the merits of a motion, does not establish an actual conflict. *Cross*, 156 Wn.2d at 607.

Our courts have consistently held that an allegation of ineffective assistance alone does not require substitution of counsel. *Stark*, 48 Wn. App. at 253 ("if a defendant could force the appointment of substitute counsel simply by expressing a desire to raise a claim of ineffective assistance of counsel, then the defendant could do so whenever [they] wished, for whatever reason"); *accord State v. Rosborough,* 62 Wn. App. 341, 346, 814 P.2d 679 (1991).

To establish a Sixth Amendment violation based on a conflict of interest, a defendant must allege facts showing an actual conflict that adversely affected counsel's performance. *State v. Kitt*, 9 Wn. App. 2d 235, 243, 442 P.3d 1280 (2019) ("Effective assistance of counsel includes a duty of loyalty and a duty to avoid conflicts of interest." (citing *State v. McDonald*, 143 Wn.2d 506, 511, 22 P.3d 791 (2001))). "[A] defendant must demonstrate that an actual conflict of interest adversely affected [their] lawyer's performance." *Regan*, 143 Wn. App. at 427. This requires the defendant to show "both that [their] attorney had a conflict

15

of interest and that the conflict adversely affected counsel's performance." *State v. Reeder*, 181 Wn. App. 897, 909, 330 P.3d 786 (2014). If the defendant meets this two-part test, prejudice is presumed. *Id*.

Korsakas does not allege facts that, if true, establish such a conflict. Counsel, who is presumed competent, did not withdraw from representation, was not required to testify, and did not face competing obligations to another client or to the court. We reject this challenge as well.

### 3. PROCEDURE TO SEEK WITHDRAWAL OF GUILTY PLEA BEFORE JUDGMENT

Finally, the State contends that Korsakas' motion to withdraw his guilty plea was procedurally deficient and untimely. The State raises this argument for the first time in its supplemental briefing and correctly observes we can affirm on any basis supported by the record. *See* Suppl. Br. of Resp't at 10 (citing *Bavand v. OneWest Bank, FSB*, 196 Wn. App. 813, 825, 385 P.3d 233 (2016)). We can also decline to consider an issue "raised for the first time in a supplemental brief filed after review has been accepted," but we address this issue to provide guidance. *Douglas v. Freeman*, 117 Wn.2d 242, 258, 814 P.2d 1160 (1991).

The State argues that the written motion, notice, and service requirements of the Superior Court Civil Rules apply to a motion to withdraw a guilty plea. *See* Suppl. Br. of Resp't at 11 (quoting CR 6 and citing CrR 8.1); *see also* CrR 8.1 ("Time shall be computed and enlarged in accordance with CR 6.").

16

The State is incorrect. No criminal rule prescribes specific form, notice, or service requirements for a motion to withdraw a guilty plea made before entry of the judgment and sentence. "[A] motion to withdraw a guilty plea under CrR 4.2(f) requires only that the defendant make a motion, oral or written, before judgment." *See Davis*, 125 Wn. App. at 63. CrR 4.2(f) requires only that the motion be made before judgment is entered. *See id.* at 68 (holding "'judgment' under CrR 4.2(f) means the date the judgment and sentence are filed with the clerk"). Further, criminal rules are not to be construed in a manner that would derogate from a defendant's constitutional rights. CrR 1.1.

Because Korsakas made his motion before entry of judgment and sentence, no procedural rule barred the trial court from considering it. We reject the State's alternate basis to affirm.

CONCLUSION

We affirm the Court of Appeals and hold that Korsakas was not completely denied counsel at a critical stage of his prosecution and reject the State's alternate basis to affirm.

17

González, J.

WE CONCUR:

Stephens, C.J.

Johnson, J.

Mungia, J.

O gmqf {.'L0

Montoya-Lewis, J.

Madsen, J. PT.

O cf ugp.'LR0V0

18

No. 104065-2

WHITENER, J. (dissenting)— The right to counsel is considered "indispensable to the fair administration of our adversary system of criminal justice." *Brewer v. Williams*, 430 U.S. 387, 398, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977). On October 13, 2022, Kristopher Korsakas, while represented by counsel, entered into a knowing, voluntary, and intelligent guilty plea. 4 Verbatim Tr. of Proc. (VTP) at 391. At his sentencing hearing on November 22, 2022, 40 days later, while represented by the same counsel, Korsakas sought to withdraw his guilty plea. 5 VTP at 409. His attorney, without filing a written motion or arguing the motion, notified the court that "Mr. Korsakas is asking to make a motion to the Court at this time to withdraw his guilty plea." *Id.* The attorney, when asked for the basis for the motion, stated, "Can I let Mr. Korsakas make his motion, Your Honor? It's collateral attack. I don't normally get involved with that." 5 VTP at 410. Korsakas' attorney was incorrect.

The majority agrees that a motion to withdraw a guilty plea *before* entry of the judgment is not a collateral attack. Majority at 4; CrR 4.2(f); *State v. Buckman*, 190 Wn.2d 51, 56 n.1, 409 P.3d 193 (2018). It is undisputed that Korsakas' motion to withdraw his guilty plea was not a collateral attack and that it was made before

1

the entry of the judgment. 5 VTP at 409. However, even though this is true, the court instructed Korsakas to proceed with the motion to withdraw his guilty plea without the assistance of counsel and without being advised of the consequences of proceeding in this manner. 5 VTP at 410-12. The majority finds that Korsakas was "not completely denied counsel in this case." Majority at 1. I disagree.

    I.     A motion to withdraw a guilty plea is a critical stage of criminal proceedings unless waived

Under both the Washington and United States Constitutions, a criminal defendant is entitled to the assistance of counsel at all critical stages in the litigation. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. "Although a defendant has no absolute right to withdraw a guilty plea, it is well settled that criminal defendants have the right to counsel in all critical stages of the proceedings against them, and that a presentence motion to withdraw a guilty plea pursuant to CrR 4.2 is a critical stage." *State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 282, 319 P.3d 53 (2013) (footnote omitted);[1] *see also State v. Harell*, 80 Wn. App. 802, 804, 911 P.2d 1034 (1996) ("a plea withdrawal hearing is a critical stage giving rise to the right to

---

[1] CrR 4.2(f) provides, "The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.431 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.401-.411, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered. If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8."

2

assistance of counsel" and must not be "held without the assistance of counsel or a valid waiver of the right to counsel").

"[A] critical stage is one where a defendant's rights were lost, defenses were waived, privileges were claimed or waived, or the outcome of the case was otherwise substantially affected." *State v. Heng*, 2 Wn.3d 384, 394, 539 P.3d 13 (2023). The State violates a defendant's constitutional right to counsel if counsel is "either totally absent or prevented from assisting the accused during a critical stage of the proceeding." *State v. Heddrick*, 166 Wn.2d 898, 910 n.8, 215 P.3d 201 (2009). "[T]he burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

Korsakas has demonstrated that on November 22, 2022, his Sixth Amendment and art. I, § 22 rights to the assistance of counsel at his motion to withdraw his guilty plea were violated. First, Korsakas has shown that his constitutional right was violated when his attorney incorrectly asked the court to have "Mr. Korsakas make his motion, Your Honor? It's collateral attack. I don't normally get involved with that." 5 VTP at 410. Second, and more importantly, Korsakas has shown that his right to the assistance of counsel was violated when, while represented by counsel, the judge instructed him to proceed on the motion without informing him that he had

a constitutional right to counsel to assist him with the motion, without inquiring whether he intended to waive his right to counsel, and without informing him of the dangers associated with self-representation should he choose to proceed without the assistance of counsel.

The trial court here instructed Korsakas, without the assistance of counsel, to be "very brief." *Id*. Unrepresented, Korsakas asked the judge for permission to read from his affidavit, which the judge denied, instead saying, "Stand up and tell me your basis, sir." *Id*. Korsakas then read aloud:

> The defendant now claims under manifest injustice occurred under *U*[*nited*] *S*[*tates*] *v. Couto*, 311 F.3d 179, in the Second Circuit of 2002, the specific claims is—the defendant makes at this time are the defendant's trial attorney, Steven Avila, was so ineffective in mounting a defense that the only alternative that the defendant was to take a guilty plea, as well as the defendant shall not be permitted to—I ask for the defendant should be permitted to withdraw his plea of guilt since it existed only under ambiguous expression of the qualified guilt coupled with statements of facts, and as the colloquy with the Court shows, that the defendant was in fact declaring his innocence despite his formalistic recitations of guilt.
>
> Under these circumstances, he should be allowed to withdraw his plea and interpose a new plea of not guilty, if that's okay, Your Honor.

5 VTP at 410-11.

The judge then said, "Is that it, Mr. Korsakas?" Korsakas responded, "That's it." 5 VTP at 411. The judge then asked the State for its response. *Id.*

The State attorney's response is insightful. The State attorney said, "We may need a bit of time if Your Honor is going to be considering the defendant's motion." *Id.* Speculating as to the basis for the motion to withdraw the guilty plea, the State indicated that "without having adequate notice to pull the actual information from that plea date," it was, to the best of its recollection, entered "knowingly and voluntarily." *Id.* The State then asked the court to "deny Mr. Korsakas's motion based on that" and again stated that if the court was going to go forward with the motion to withdraw it would "need time to pull the records from that day and adequately respond." 5 VTP at 412. It is also noteworthy that the court cited to CrR 4.2(f), stating:

> [W]ithdrawal of guilty pleas are governed by Criminal Rule 4.2(f).
> There are four nonexclusive instances where a manifest injustice exists:
> Where the defendant did not ratify the plea, the plea was not [made]
> voluntarily, the defendant received ineffective[] assistance of counsel,
> or the plea agreement was not kept.
>
> I don't find any of those four instances exist, and I'm going to
> deny the motion.

*Id.*

The judge then immediately reengaged with Korsakas' counsel, who continued to be present, and requested that counsel address sentencing. *Id*.

There are several distinct critical stages in a criminal proceeding. The majority focuses on a critical stage that is not in dispute, the entry of a guilty plea that occurred on October 13, 2022. Majority at 6-10. It is undisputed that Korsakas had counsel when he entered his knowing, intelligent, and voluntary guilty plea. *Id.* This case is about another critical stage of a criminal proceeding, a motion to withdraw a guilty plea *before* entry of the judgment is made. For such motions, CrR 4.2(f) governs and states, "The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." Under this rule, a "manifest injustice" is "an injustice that is obvious, directly observable, overt, not obscure." *State v. Saas*, 118 Wn.2d 37, 42, 820 P.2d 505 (1991) (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). In *Taylor*, the court provided a list of four nonexclusive instances of "manifest injustice." 83 Wn.2d at 597. "They are: '(1) denial of effective counsel, (2) plea . . . not ratified by the defendant or one authorized [by him] to do so, (3) plea was involuntary, (4) plea agreement was not kept by the prosecution.'" *Id*. (alterations in original) (quoting

CRIM. RULES TASK FORCE, JUD. COUNCIL OF STATE OF WASH., WASHINGTON PROPOSED RULES OF CRIMINAL PROCEDURE 50 (1971)).

The majority limits the "manifest injustice" standard to Korsakas' guilty plea from October 13, 2022 and writes, "Because Korsakas does not challenge the adequacy of the plea colloquy or the court's denial of his motion to withdraw guilty plea on the merits, we turn to Korsakas' argument that he was completely denied counsel." Majority at 10. However, the majority's reliance on Korsakas' statement to the court made in violation of his right to counsel is troubling because we should be looking at what occurred at the November 22, 2022 motion to withdraw the guilty plea. Korsakas has shown that a manifest injustice occurred when he was denied access to counsel for his motion to withdraw his guilty plea before being sentenced.

Finally, the majority agrees that the Sixth Amendment guarantees a defendant the right to "the assistance of counsel." Majority at 14; *State v. Crawford*, 159 Wn.2d 86, 97, 147 P.3d 1288 (2006). The majority also agrees that a sentencing hearing is a critical stage in the litigation. Majority at 10. Yet on this record the majority holds that "Korsakas has not shown that his counsel was absent, silenced, or otherwise prevented from assisting him" as required by *Cronic*. 466 U.S. at 659-60; Majority at 11. Also, on this record, the majority finds that "Korsakas had counsel at his

7

sentencing hearing. Korsakas did not request new counsel, counsel did not move to withdraw and remained available throughout the hearing, and Korsakas' motion to withdraw his plea did not advance to an evidentiary hearing requiring fact-finding or credibility determinations." Majority at 11-12.

The majority is incorrect, and the facts here are clear. On October 13, 2022, Korsakas was represented by counsel for the entry of his guilty plea. 4 VTP at 376-91. Korsakas subsequently, but prior to November 22, 2022, the day scheduled for his sentencing hearing, asked his attorney to make a motion to withdraw his guilty plea. 5 VTP at 409. On November 22, 2022, his attorney did not assist him with his motion, and the court, without ensuring that Korsakas wanted to waive his right to counsel, instructed him to make the motion without the assistance of counsel.

The majority holds that Korsakas had counsel because his counsel was "available throughout the hearing." Majority at 11-12. It is true that Korsakas' counsel was physically present throughout the November 22, 2022 proceeding, but the majority fails to explain how this satisfied Korsakas' Sixth Amendment right to counsel when Korsakas never requested to argue his motion while represented by counsel, Korsakas' assigned counsel failed to assist him with the motion, and the court instructed Korsakas to proceed without the assistance of counsel but failed to

advise him of his right to counsel or ensure he understood the consequences of waiving that right.

There is no requirement, as the majority avers, that to be denied the assistance of counsel that counsel can only be *physically* absent or silent. Here, the record is clear that even though on November 22, 2022, Korsakas had counsel physically present in the courtroom, his counsel did not assist him with his motion to withdraw his guilty plea at this critical stage of the proceeding. That is a complete denial of counsel. Furthermore, the record clearly shows that upon denying Korsakas' motion, the court immediately reengaged with Korsakas' counsel to assist the court with Korsakas' sentencing. As a result, Korsakas has shown manifest injustice requiring reversal without regard to prejudice.

II.     Korsakas did not waive his right to be represented by counsel

The Sixth Amendment protects not only a defendant's right to be represented by counsel but also a criminal defendant's power to waive the right to counsel. *See Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). (A State may not "constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own

defense."). "A defendant can lose the right to counsel through forfeiture, waiver, or waiver by conduct." *State v. Palmer*, 24 Wn. App. 2d 1, 11, 518 P.3d 252 (2022).

"Waiver" occurs when the defendant voluntarily and verbally relinquishes the right to an attorney. *Id*. at 14. A "waiver of counsel by conduct" occurs where "the court advises a defendant of (1) the dangers of proceeding pro se as required for voluntary waiver and (2) that the defendant will lose the right to counsel if they engage in *dilatory tactics or misconduct*." *Id.* "Dilatory conduct" includes abusing court procedures to delay the legal proceedings. *Dilatory Tactics*, Cornell Univ.: LEGAL INFO. INST., https://www.law.cornell.edu/wex/dilatory_tactics [https://perma.cc/AW8A-FTUS].

In this case, there is no evidence to show that on November 22, 2022, Korsakas indicated that he wanted to represent himself and waived his right to counsel. "Self-representation is a grave undertaking, one not to be encouraged" because it "often work[s] to the defendant's detriment." *State v. DeWeese*, 117 Wn.2d 369, 379, 816 P.2d 1 (1991). Therefore, before a defendant is permitted to represent themselves, the court must ensure they do so with full awareness of the consequences of their choice. *State v. Curry*, 191 Wn.2d 475, 486, 423 P.3d 179 (2018). First, the "request for self-representation must be unequivocal." *Id.*

10

(formatting omitted). It "requires a defendant to 'make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself.'" *Id.* at 490 (quoting *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994)). The court should "'indulge in every reasonable presumption against a defendant's waiver of his or her right to counsel.'" *Id.* at 486 (internal quotation marks omitted) (quoting *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010)). Second, if the court finds that a defendant's request to represent himself is timely and unequivocal, "the court must then determine whether the request is also voluntary, knowing, and intelligent." *Id.*

Here, Korsakas did not request to represent himself; rather, he was instructed by the court to do so after his attorney failed to assist him with his motion to withdraw his guilty plea. Prior to instructing Korsakas to proceed without counsel, the court did not advise him of the right he was waiving, nor did the court ensure that he wanted to waive that right or that he understood the consequences of proceeding while representing himself. Instead, without the assistance of his counsel, and without an unequivocal waiver, the court merely instructed Korsakas to "[s]tand up and tell me your basis, sir." 5 VTP at 410. This is the "grave

11

undertaking" that our courts are instructed "not to be encouraged" because it "often work[s] to the defendant's detriment," as it did here. *DeWeese*, 117 Wn.2d at 379.

III.    Korsakas did not request hybrid representation

Under the Sixth Amendment and the Washington State Constitution there is no right to "hybrid representation." *Id*. This means defendants do not have the right to represent themselves alongside their attorney or only in certain matters. *Id*. Here, Korsakas did not request or indicate that he wanted hybrid representation, but the judge proceeded with hybrid representation anyway. The court allowed Korsakas, without the benefit of counsel, to argue his motion to withdraw his guilty plea and then immediately after denying that motion had assigned counsel handle his sentencing.

The majority relies on two cases suggesting that a "hybrid" right to counsel can be useful because it can give a defendant the ability to waive the right temporarily. Majority at 8 n.4; *see also State v. Elwell*, 199 Wn.2d 256, 274, 505 P.3d 101 (2022); *State v. Hightower*, 36 Wn. App. 536, 541, 676 P.2d 1016 (1984). These two cases are inapposite, as on November 22, 2022, Korsakas did not waive his right to counsel and did not request hybrid representation or cocounsel for his motion to withdraw his guilty plea. Korsakas does not claim he was unrepresented

12

at the sentencing, he argues only that he was unrepresented at the motion to withdraw

his guilty plea, a critical phase in the proceeding.[2]

The majority's concern that defendants may make ineffective assistance of

counsel claims merely to delay or waste time is misguided and not relevant under

the facts of this case. Majority at 10. "Administrative convenience, lack of funds, or

shortage of defense counsel are not adequate reasons to deprive a person accused of

a crime of counsel." *Heng*, 2 Wn.3d at 391. Even if Korsakas' sentencing may have

been delayed by the request to withdraw his guilty plea, that is not a sufficient reason

to deprive him of his Sixth Amendment right to counsel.

What is relevant here is the judge's failure to engage Korsakas in a colloquy

to determine whether he wished to make a knowing, intelligent, and voluntary

waiver of his right to counsel, ensuring that he was informed of his Sixth

Amendment rights to counsel at this critical stage of the proceedings and that he

---

[2] If Korsakas had elected to represent himself after an appropriate colloquy with the judge, the judge may have required him to remain self-represented throughout sentencing, depending on the circumstances and an analysis of several factors. *United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009). "'The right to counsel—once waived—is no longer absolute.'" *United States v. Schaefer*, 13 F.4th 875, 890 (9th Cir. 2021) (quoting *Menefield v. Borg*, 881 F.2d 696, 700 (9th Cir. 1989)). "[T]he trial court is not obliged to appoint, or reappoint, counsel on the demand of the defendant. The matter is wholly within the trial court's discretion." *DeWeese*, 117 Wn.2d at 379. But these are not the facts here.

understood the dangers of self-representation. Korsakas received none of these safeguards.

IV.     Automatic reversal is appropriate

Violation of a defendant's right to counsel "is, at least, constitutional error. A violation of that right at critical stages of criminal proceedings is structural error." *Heng*, 2 Wn.3d at 387. "A complete denial of counsel at a critical stage of the proceedings is presumptively prejudicial and calls for automatic reversal." *Heddrick*, 166 Wn.2d at 910. "[I]n deciding whether to impose automatic reversal we consider if rights were lost in a way that demonstrably affected the outcome of the case." *Heng*, 2 Wn.3d at 394-95.

In this case, the critical stage of the criminal proceeding at issue occurred on November 22, 2022. The undisputed facts show that Korsakas, at a critical stage in the proceedings while represented by counsel, was required to represent himself on a motion to withdraw his guilty plea. Korsakas did not ask to represent himself, and he did not ask for substitute counsel or to proceed with hybrid representation. He was instructed to do so, and the judge did not ensure he made a knowing, intelligent, and voluntary waiver of his right to counsel or was informed of the dangers of self-representation. This violated Korsakas' Sixth Amendment right.

I would reverse the Court of Appeals and hold that Korsakas was denied his

Sixth Amendment right to counsel at a critical stage of his proceeding and remand

the case to the trial court for a hearing on his motion to withdraw his guilty plea.

_____
Whitener, J.

_____
Gordon McCloud, J.